## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

L'ATHENE, INC.                                )
494 Wando Park Blvd. Suite B                  )
Mt. Pleasant, S.C. 29464,                     )
                                              )
    Plaintiff,                        )
                                              )
v.                                            )    Civil Action No. _____
                                              )
EARTHSPRING LLC                               )
25 South Arizona Place, Suite 550             )
Chandler, AZ 85225,                           )
                                              )
and                                           )
                                              )
GREEK ISLAND LABS LLC                         )
25 South Arizona Place, Suite 550             )
Chandler, AZ 85225,                           )
                                              )
    Defendants.                       )

### COMPLAINT

1.     This is a civil action for trademark infringement, false designation of origin, and

unfair competition arising under the Federal Trademark Act of 1946, as amended, 15. U.S.C.

§1051, et seq. and the common law of Delaware.

### Parties

2.     Plaintiff L'Athene, Inc. ("L'Athene") is a Delaware corporation with its principal

place of business in South Carolina.

3.     Upon information and belief, Defendant Earthspring LLC is an Arizona limited

liability company with its principal place of business at 25 South Arizona Place, Suite 550

Chandler, AZ 85225.

4.     Upon information and belief, Defendant Greek Island Labs LLC is an Arizona

limited liability company with its principal place of business at 25 South Arizona Place, Suite 550, Chandler, AZ 85225.

### Jurisdiction and Venue

5.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because Plaintiff is incorporated in Delaware and Defendants are registered in and have their principal places of businesses in Arizona.  The matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00).

6.     This Court also has jurisdiction over the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and the Judicial Code, 28 U.S.C. §§ 1331, 1332(a) and (c), 1338 and 1367, because this case arises under the Federal Trademark Act, as amended, 15 U.S.C. §§ 1061, *et seq.*

7.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(d) because, upon information and belief, Defendants regularly conduct business in this district.

### COUNT I (TRADEMARK INFRINGEMENT)

8.     L'Athene realleges and incorporates by reference the allegations in paragraphs 1 through 7 herein as if full set forth.

9.     L'Athene is in the business of manufacturing and selling skin care products, including face and hand creams and lotions, eye creams, and cosmetic preparations.

10.     L'Athene is the owner of the federal service mark registration for L'ATHENE, U.S. Reg. No. 2375842, for cosmetic preparations, namely, body lotions and conditioners, hand and facial creams, skin cleansing creams, skin cleansing lotions, essential oils for personal use; hair shampoos, conditioners, and treatments; bath and shower gels, oils, and scrubs; skin soaps, perfumes, facial and body powders, colognes, toilet and floral waters, and aromatherapy creams,

lotions, and oils. The registration is based on continuous use of the mark in interstate commerce since at least as early as September 1999.

11.     L'Athene is the owner of the federal service mark registration for L'ATHENE (AND DESIGN), U.S. Reg. No. 2559924, for cosmetic preparations, namely, body lotions and conditioners, hand and facial creams, skin cleansing creams, skin cleansing lotions, essential oils for personal use; hair shampoos, conditioners, and treatments; bath and shower gels, oils, and scrubs; skin soaps, perfumes, facial and body powders, colognes, toilet and floral waters, and aromatherapy creams, lotions, and oils. The registration is based on continuous use of the mark in interstate commerce since at least as early as May 2000.

12.     L'Athene has expended substantial sums in promoting the L'ATHENE marks (collectively "Marks") in connection with its goods, including but not limited to significant expenditures devoted to research, advertising, marketing, sponsoring community-related events, and maintaining an Internet web site located at www.lathene.com.

13.     Defendants are engaged in the business of manufacturing and selling skin care products under the name ATHENA.

14.     On or about September 8, 2005, Defendant Earthspring filed an application with the United States Patent and Trademark Office ("USPTO") to register the mark ATHENA 7 MINUTE LIFT, U.S. Ser. No. 76646297, for use in connection with an "herbal cosmetic cream facial treatment." In the application, Defendant Earthspring stated under oath that ATHENA 7 MINUTE LIFT was first used on August 1, 2005, and that it was first used in interstate commerce on August 1, 2005. Defendant Earthspring further stated under oath in the application that it had the right to exclusive use of the mark. The USPTO issued an Office Action refusing registration of ATHENA 7 MINUTE LIFT based on likelihood of consumer confusion as to

source with the L'ATHENE mark for the same goods. A copy of the USPTO Office Action is attached hereto as Exhibit A and made a part hereof.

15.    On or about February 28, 2007, Defendant Earthspring filed an application with the USPTO to register the name ATHENA NIGHTLY RENEWAL CREAM, U.S. Ser. No. 76673300, for use in connection with "cosmetic skin care preparations, namely skin creams and lotions." In its application, Defendant Earthspring stated under oath that ATHENA NIGHTLY RENEWAL CREAM was first used on January 10, 2007, and that it was first used in interstate commerce on January 10, 2007. Defendant Earthspring further stated under oath in the application that it had the right to exclusive use of ATHENA NIGHTLY RENEWAL CREAM, despite that the USPTO had refused registration of ATHENA 7 MINUTE LIFT based on likelihood of consumer confusion as to source with L'Athene's L'ATHENE mark for the same goods. The USPTO refused registration of ATHENA NIGHTLY RENEWAL CREAM based on likelihood of consumer confusion as to source with the L'ATHENE mark for the same goods.

16.    On or about February 28, 2007, Defendant Earthspring filed an application with the USPTO to register the name ATHENA SKIN CARE COLLECTION, U.S. Ser. No. 76673301, for use in connection with "cosmetic skin care preparations, namely skin creams, lotions, tonics and scrubs." In its application, Defendant Earthspring  stated under oath that ATHENA SKIN CARE COLLECTION was first used on January 10, 2007, and that it was first used in interstate commerce on January 10, 2007. Defendant Earthspring further stated under oath in the application that it had the right to exclusive use of ATHENA SKIN CARE COLLECTION, despite that the USPTO had refused registration of ATHENA 7 MINUTE LIFT based on likelihood of consumer confusion as to source with the L'ATHENE mark for the same goods. The USPTO refused registration of ATHENA SKIN CARE COLLECTION based on

likelihood of consumer confusion as to source with L'Athene's L'ATHENE mark for the same goods.

17.    On or about February 28, 2007, Defendant Earthspring filed an application with the USPTO to register the name ATHENA MICRODERMABRASION DAILY SCRUB, U.S. Ser. No. 76673302, for use in connection with "cosmetic skin care preparations, namely facial scrubs, lotions, and creams."  In its application, Defendant Earthspring stated under oath that ATHENA MICRODERMABRASION DAILY SCRUB was first used on January 10, 2007, and that it was first used in interstate commerce on January 10, 2007.  Defendant Earthspring further stated under oath in the application that it had the right to exclusive use of ATHENA SKIN CARE COLLECTION, despite that the USPTO had refused registration of ATHENA 7 MINUTE LIFT based on likelihood of consumer confusion as to source with the L'ATHENE mark for the same goods.   The USPTO refused registration of ATHENA SKIN CARE COLLECTION based on likelihood of consumer confusion as to source with the L'ATHENE mark for the same goods.

18.    On or about February 28, 2007, Defendant Earthspring filed an application with the USPTO to register the name ATHENA DAYTIME TONING MOISTURIZER THERAPY, U.S. Ser. No. 76673305, for use in connection with "cosmetic skin care preparations, namely toner, skin creams and lotions."  In its application, Defendant Earthspring stated under oath that ATHENA DAYTIME TONING MOISTURIZER THERAPY was first used on January 10, 2007, and that it was first used in interstate commerce on January 10, 2007.  Defendant Earthspring further stated under oath in the application that it had the right to exclusive use of ATHENA DAYTIME MOISTURIZER THERAPY despite that the USPTO had refused registration of ATHENA 7 MINUTE LIFT based on likelihood of consumer confusion as to

source with the L'ATHENE mark for the same goods.  The USPTO refused registration of ATHENA DAYTIME MOISTURIZER THERAPY based on likelihood of consumer confusion as to source with the L'ATHENE mark for the same goods.

19.    On December 6, 2007, Defendant Earthspring filed a new application to register GREEK ISLAND LABS ATHENA 7 MINUTE LIFT, U.S. Ser. No. 76684699, for use in connection with "herbal cosmetic creams and facial treatments.  In its application, Defendant Earthspring stated under oath that GREEK ISLAND LABS ATHENA 7 MINUTE LIFT was first used on August 9, 2005, and that it was first used in interstate commerce on August 9, 2005.  Defendant Earthspring further stated under oath in the application that it had the right to exclusive use of ATHENA SKIN CARE COLLECTION, despite that the USPTO had refused registration of ATHENA 7 MINUTE LIFT based on likelihood of consumer confusion as to source with the L'ATHENE mark for the same goods.

20.    In addition to using a mark that is confusingly similar to Plaintiff's registered L'ATHENE mark, Defendants have copied L'Athene's distinctive product design, product shape, font, and colors, thereby infringing on L'Athene's distinctive and well-established trade dress.  Attached hereto and made a part hereof as Exhibit B are digital photographs of the L'ATHENE and ATHENA products.

21.    The goods provided by L'Athene are identical to or highly related to the goods provided by Defendants.  Defendants' use of ATHENA for skin care products infringes on L'Athene's right to exclusive use of its L'ATHENE registered trademark and trade dress.

22.    Defendants have used and continue to use a trademark that is nearly identical to Plaintiff's L'ATHENE mark for the purpose of exploiting and trading upon the substantial goodwill and reputation of L'Athene symbolized by its Marks and to enable Defendants to

confuse and mislead its customers into believing that its goods emanate from, or otherwise are sponsored or approved by, L'Athene. Defendant seeks to capitalize on the goodwill engendered by L'Athene by using the name ATHENA.

23.    Defendants' use of ATHENA in connection with providing skin care products has caused and is likely to continue to cause actual confusion among consumers who believe, contrary to fact, that its goods are provided by or emanate from, or are otherwise sponsored or approved by, L'Athene. Defendants' use of the ATHENA name infringes on L'Athene's exclusive rights in its marks within the meaning of § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law.

24.    On or about December 20, 2007, L'Athene, by its counsel, sent a letter via electronic mail and United States mail to counsel for Defendant Earthspring, LLC, requesting that it cease and desist from use of the ATHENA name in connection with providing its skin care goods. A copy of that letter is attached hereto as Exhibit C and made a part hereof. In response, Defendant Earthspring denied that its use of ATHENA infringes on Plaintiff's rights to exclusive use of its registered L'ATHENE trademark for the same goods. Defendants continue to use the ATHENA name in connection with providing their skin care goods.

25.    Unless enjoined by this Court from using the ATHENA name, Defendants will continue to infringe the L'ATHENE trademark, thereby deceiving the public and causing L'Athene immediate and irreparable injury for which it has no adequate remedy at law and damages in the nature of lost revenues, lost profits, and consequential damages.

## COUNT II (UNFAIR COMPETITION)

26.    L'Athene alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25 herein as if fully set forth.

27.    Defendants have engaged in acts of unfair competition under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law.

28.    The ATHENA name and trade dress, as used by Defendants in the manner hereinabove alleged, constitutes a false designation of origin within the meaning of § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), which is likely to confuse or deceive the public as to the source, sponsorship and/or approval of the goods provided by Defendants, thereby causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law and damages in the nature of lost revenue, lost profits, and consequential damages.

29.    The nature and probable tendency and effect of use of the ATHENA name and trade dress in the manner hereinabove alleged is to confuse or deceive the public. Such conduct constitutes unfair competition with Plaintiff and is causing, and unless enjoined, will continue to cause Plaintiff immediate and irreparable injury for which it has no adequate remedy at law and damages in the nature of lost revenue, lost profits, and consequential damages.

## COUNT III (COMMON LAW INFRINGEMENT)

30.    L'Athene alleges and incorporates by reference the allegations set forth in paragraphs 1 through 29 as if fully set forth.

31.    The use of the ATHENA name by Defendants in connection with providing skin care products has caused and is likely to continue to cause actual confusion among the public who believe, contrary to fact, that said products are provided by or emanate from, or are otherwise sponsored or approved by, Plaintiff, in violation of the common law of Delaware. Such conduct constitutes unfair competition with Plaintiff and is causing, and unless enjoined, will continue to cause Plaintiff immediate and irreparable injury for which it has no adequate remedy at law and damages in the nature of lost revenue, lost profits, and consequential

damages.

WHEREFORE, L'Athene prays that:

(1)    The Court enter judgment that:

(a)    Defendants have infringed L'Athene's exclusive rights in its L'ATHENE marks under § 32(1) of the Federal Trademark Act, 15 U.S.C. § 1114(1), and at common law;

(b)    Defendants have competed unfairly with L'Athene under § 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a), and at common law;

(c)    Defendants use of the ATHENA name misrepresents the source or sponsorship of his services provided within the meaning of § 43 of the Federal Trademark Act, 15 U.S.C. § 1064(3), and at common law;

(d)    Defendants are using the ATHENA name in a deceptive manner which falsely suggests a connection with L'Athene within the meaning of § 2(a) of the Federal Trademark Act, 15 U.S.C. § 1052(a);

(e)    Defendants are using the ATHENA name in a manner which is likely to cause confusion within the meaning of § 2(d) of the Federal Trademark Act, 15 U.S.C. § 1052(d); and

(f)    Defendants have otherwise injured L'Athene's business reputation and good will by using the ATHENA name in the manner complained of herein;

(2)    The Court enter an Order that Defendants and all others in privity or acting in concert with them, be preliminarily and permanently enjoined from:

(a)    Using ATHENA, or any other trademark, service mark, trade name, domain name or designation confusingly similar thereto;

(b)    Otherwise infringing or diluting the distinctive quality of the L'ATHENE

trademarks and trade dress; and

(c)    Competing unfairly with L'Athene or otherwise injuring L'Athene's

business reputation in the manner complained of herein;

(3)    Pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, Defendants be

directed to deliver up for destruction or other disposition by L'Athene all signs, brochures,

displays, advertisements, labels, prints, decals, and all other materials in the possession, custody

or control of Defendant which bear or are labeled with the name ATHENA, and disable all

electronic media, including the Internet websites located at www.7minutelift.com and

www.gredkislandlabs.com;

(4)    Defendants be required to pay to L'Athene damages in the amount of all revenues

received by Defendants in connection with selling its products under the ATHENA name;

(5)    Defendants be required to pay to L'Athene both the costs of this action and, in

accordance with § 35(b) of the Federal Trademark Act, 15 U.S.C. § 1117(b), its reasonable

attorneys' fees; and

(6)    Such other and further relief as this Court deems equitable and proper.

SAUL EWING LLP

Kimberly L. Gattuso (DE No. 3733)
Michael Robinson (DE No. 4452)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE  19899
(302) 421-6800
(302) 421-6813
kgattuso@saul.com

Counsel for Plaintiff L'Athene, Inc.

Dated: February 25, 2008

# Exhibit "A"

Document Description: **Offc Action Outgoing**    Mail / Create Date: **28-Sep-2006**

You are currently on page ☐ 1 of ☐ 28    

# UNITED STATES PATENT AND TRADEMARK OFFICE

**SERIAL NO:**    76/646297

**APPLICANT**:    EARTHSPRING, LLC

## *76646297*

**CORRESPONDENT ADDRESS:**
CRYSTAL A. RUSSELL
LAW OFFICES OF CRYSTAL A. RUSSELL
237 W MAIN ST
MESA, AZ 85201-7311

**RETURN ADDRESS:**
Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451

**MARK**:    ATHENA 7 MINUTE LIFT

**CORRESPONDENT'S REFERENCE/DOCKET NO:**  N/A

**CORRESPONDENT EMAIL ADDRESS:**

Please provide in all correspondence:

1. Filing date, serial number, mark and applicant's name.
2. Date of this Office Action.
3. Examining Attorney's name and Law Office number.
4. Your telephone number and e-mail address.

### (a)    OFFICE ACTION

**RESPONSE TIME LIMIT**:  TO AVOID ABANDONMENT, THE OFFICE MUST RECEIVE A PROPER RESPONSE TO THIS OFFICE ACTION WITHIN 6 MONTHS OF THE MAILING OR E-MAILING DATE.

**MAILING/E-MAILING DATE INFORMATION:**  If the mailing or e-mailing date of this Office action does not appear above, this information can be obtained by visiting the USPTO website at http://tarr.uspto.gov/, inserting the application serial number, and viewing the prosecution history for the mailing date of the most recently issued Office communication.

Serial Number  76/646297

The assigned trademark examining attorney has reviewed the referenced application and applicant's response dated 8/10/2006 and has determined the following:

**Section 2(d) Refusal Maintained and Continued and made FINAL**

Registration was refused under Trademark Act Section 2(d), 15 U.S.C. Section 1052(d), because the applicant's mark so resembles the mark shown in U.S. Registration No. 2375842 as to be likely, when used on the identified goods and services, to cause confusion, to cause mistake, or to deceive.

(b)    **The examining attorney has considered the applicant's arguments carefully but has found them unpersuasive. For the reasons below, the refusal to register the mark under Section 2(d) is maintained and continued.**

The examining attorney determined that the applicant's mark ATHENA 7 MINUTE LIFT for "herbal cosmetic cream facial treatment" in International Class 3 so resembles Registration Number 2375842, "L'ATHENE" for, "cosmetic preparations, namely, body lotions and conditioners, hand and facial creams, skin cleansing creams, etc." in International Class 3 that it is likely to cause confusion. The applicant has argued against the refusal to register stating that (1) the marks differ in sound, appearance, and meaning; (2) the actual use of the marks in commerce and the overall commercial impression is different; (3) the products of the applicant and the registrant are marketed through different markets. See Applicant's Response of 8/10/2006 ("Response"). The examining attorney finds these arguments unpersuasive and maintains and makes FINAL his refusal to register.

## Analysis

The examining attorney must analyze each case in two steps to determine whether there is a likelihood of confusion. First, the examining attorney must look at the marks themselves for similarities in appearance, sound, connotation and commercial impression. *In re E. I. DuPont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973). Second, the examining attorney must compare the goods or services to determine if they are related or if the activities surrounding their marketing are such that confusion as to origin is likely. *In re August Storck KG,* 218 USPQ 823 (TTAB 1983); *In re International Telephone and Telegraph Corp.*, 197 USPQ 910 (TTAB 1978); *Guardian Products Co., v. Scott Paper Co.*, 200 USPQ 738 (TTAB 1978). TMEP §§1207.01 *et seq.*

(1)    Similarities of the Marks

Applicant:  ATHENA 7 MINUTE LIFT

Registrant:  L'ATHENE

The applicant's mark, ATHENA 7 MINUTE LIFT is a composite mark, of which L'ATHENA, by the applicant's own admission, is the dominant or "key" term. Response at 2. The emphasis of the first term in the mark is further supported by the use of the term on the product packaging, as submitted by the applicant, where ATHENA is in larger type and underlined, and 7 MINUTE LIFT is in smaller type below.

The marks are compared in their entireties under a Section 2(d) analysis, nevertheless, one feature of a mark may be recognized as more significant in creating a commercial impression. Greater weight is given to that dominant feature in determining whether there is a likelihood of confusion. *In re National Data Corp.*, 753 F.2d 1056, 224 USPQ 749 (Fed. Cir. 1985); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976). *In re J.M. Originals Inc.*, 6 USPQ2d 1393 (TTAB 1987); TMEP §1207.01(b)(viii). With regard to the differences in L'ATHENE and ATHENA, the applicant submits that there are substantial differences in sound, appearance, and meaning. Response at 2. The examining attorney respectfully disagrees.

(2)     Sound

The primary difference in sound between these terms is indeed the sound of the first syllable, which starts with an 'L' sound with the inclusion of the French article in the registrant's mark. Applicant emphasizes that registrant's mark should be pronounced with two syllables, whereas applicant's mark is pronounced with three syllables. Response at 2. The examining attorney includes dictionary definitions from various sources illustrating that ATHENE, as used in registrant's mark, is pronounced with three syllables. The examining attorney notes that the ATHENE term may be pronounced with a long 'E' sound, but also notes that the Trademark Trial and Appeal Board has emphasized that there is no correct pronunciation of a trademark. *Kabushiki Kaisha Hattori Tokeiten v. Scuotto*, 228 USPQ 461 (TTAB 1985); *In re Great Lakes Canning, Inc.,* 227 USPQ 483 (TTAB 1985); *In re Teradata Corp.*, 223 USPQ 361, 362 (TTAB 1984); *In re Mack*, 197 USPQ 755 (TTAB 1977); TMEP §1207.01(b)(iv). The marks in question could clearly be pronounced the same. Similarity in sound alone may be sufficient to support a finding of likelihood of confusion. *RE/MAX of America, Inc. v. Realty Mart, Inc.*, 207 USPQ 960, 964 (TTAB 1980); *Molenaar, Inc. v. Happy Toys Inc.,* 188 USPQ 469 (TTAB 1975); *In re Cresco Mfg. Co.,* 138 USPQ 401 (TTAB 1963); TMEP §1207.01(b)(iv). The 'L' at the beginning of registrant's mark is significant, but the highly similar appearance and the near identical meaning as factors in the equation suggest that a strong likelihood of confusion remains.

(3)     Appearance

In appearance, the applicant seems to rely on the beginning 'L' of applicant's mark again, while also pointing the examiner to the way the marks are actually used in commerce by submission of applicant's packaging and registrant's packaging. *See* Exhibit A, Applicant's Response. Without the packaging and actual use in commerce, the examining attorney first notes that the phrase & MINUTE LIFT is descriptive of the applicant's goods, "herbal cosmetic cream facial treatment," and is entitled to less weight in the analysis. The matter is properly disclaimed (see Disclaimer Requirement, below). Disclaimed matter is typically less significant or less dominant when comparing marks. Although a disclaimed portion of a mark certainly cannot be ignored, and the marks must be compared in their entireties, one feature of a mark may be more significant in creating a commercial impression. *In re Dixie Restaurants Inc.,* 105 F.3d 1405, 41 USPQ2d 1531 (Fed. Cir. 1997); *In re National Data Corporation*, 753 F.2d 1056, 224

USPQ 749 (Fed. Cir. 1985); and *In re Appetito Provisions Co. Inc.*, 3 USPQ2d 1553 (TTAB 1987). *See also Hewlett-Packard Co. v. Packard Press Inc.,* 281 F.3d 1261, 62 USPQ 2d 1001 (Fed. Cir. 2002); *Tektronix, Inc. v. Daktronics, Inc.*, 534 F.2d 915, 189 USPQ 693 (C.C.P.A. 1976); *In re El Torito Rests. Inc.*, 9 USPQ2d 2002 (TTAB 1988); *In re Equitable Bancorporation,* 229 USPQ 709 (TTAB 1986).

Turning then to applicant's submitted packaging, it is evident that the portion of the mark consisting of 7 MINUTE LIFT is indeed a minor component of applicant's mark. The actual commercial impression of ATHENA and L'ATHENE to the average consumer on the goods is extremely similar, for within the realm of all possible stylizations in applicant's standard character claim, the applicant has chosen a nearly identical usage of the term in a similar font, all capital lettering in black and white, and an underscoring of the word ATHENA, just as registrant has done with L'ATHENE. The descriptive material 7 MINUTE LIFT is separated from ATHENA, both reinforcing the descriptive material's relative unimportance and the emphasis of ATHENA as the dominant portion of the mark. On evidence submitted by the applicant, L'ATHENA uses a similar descriptive text under its underlined mark as applicant's 7 MINUTE LIFT. See Exhibit C, Applicant's Response. In this way, ATHENA is used by applicant as more of a house mark for the goods, and the average consumer will believe that 7 MINUTE LIFT is a product within the ATHENA line. The appearance of the mark on these goods is so similar that the examining attorney feels warranted emphasizing this factor above the sound of the marks.

(4)     Meaning

Similarly, the meaning of the two terms is nearly identical. The applicant does not specifically submit arguments that the meanings differ here. The only difference is the inclusion of the 'L' in registrant's mark, which acts as an article, so 'The Athene' is a more accurate translation. As the enclosed dictionary definitions show, ATHENA and ATHENE are often defined together, as they are used interchangeably and mean the same thing, as the name of the Greek goddess of wisdom. Thus, the meaning of these terms is also nearly identical.

(5)     Overall Commercial Impression

As stated above, the overall commercial impression of these marks, as used in commerce, is highly similar. *See* Exhibit A, Applicant's Response. While applicant has included additional material that the examining attorney deems descriptive for the goods, its overall significance is downplayed by the actual use in commerce.

If the marks of the respective parties are identical or highly similar, the relationship between the goods or services of the respective parties need not be as close to support a finding of likelihood of confusion as might apply where differences exist between the marks. *Amcor, Inc. v. Amcor Industries, Inc.*, 210 USPQ 70 (TTAB 1981).

(6)    Similarity of the Goods and Services

Applicant:    "herbal cosmetic cream facial treatment," in International Class 3;

Registrant:    "cosmetic preparations, namely, body lotions and conditioners, hand and facial creams, skin cleansing creams, skin cleansing lotions, essential oils for personal use; hair shampoos, conditioners, and treatments; bath and shower gels, oils, and scrubs; skin soaps, perfumes, facial and body powders, colognes, toilet and floral waters, and aromatherapy creams, lotions, and oils" in International Class 3;

A determination of whether there is a likelihood of confusion is made solely on the basis of the goods and/or services identified in the application and registration, without limitations or restrictions that are not reflected therein. *In re Dakin's Miniatures Inc.,* 59 USPQ2d 1593, 1595 (TTAB 1999). If the cited registration describes the goods and/or services broadly and there are no limitations as to their nature, type, channels of trade or classes of purchasers, then it is presumed that the registration encompasses all goods and/or services of the type described, that they move in all normal channels of trade, and that they are available to all potential customers. *In re Linkvest S.A.,* 24 USPQ2d 1716 (TTAB 1992); *In re Elbaum,* 211 USPQ 639 (TTAB 1981); TMEP §1207.01(a)(iii).

On the basis of the applications, the goods in this case appear to be identical. Applicant's "herbal cosmetic cream facial treatment," while not verbatim, appears be fully encompassed by registrant's "cosmetic preparations, namely… facial creams." The sole difference then, would be that applicant's identification includes the word "herbal," which does little to diminish the confusion. Registrant also has herbal supplement goods in Class 5, which suggests that registrant's goods are also herbal in nature. See the attached registration.

The applicant has submitted substantial information attempting to distinguish between the goods in this case. Applicant states that the L'ATHENE products are "created by nurses and marketed through medical offices, hospitals and spas," while the applicant's products are "marketed exclusively on the internet." Response at 2. Applicant also submits websites of the parties to this effect. Additionally, the applicant states that "L'ATHENE does not have a mask type wrinkle remover in the product line," and emphasizes that the consumers would purchase the goods at different locations, namely, the registrant at his or her doctor's office, and the applicant on the Internet. The applicant emphasizes that the Internet search for applicant's goods would not lead a consumer to registrant's goods, since the marks begin with a different letter. Response at 2. Lastly, the applicant states that "other than the fact that both the L'ATHENE and the ATHENA 7 MINUTE LIFT are both cosmetic creams, there is no similarity between the products," stating that the "sea of creams for wrinkle treatments" is so large that the consumer is unlikely to be confused due to his or her sophistication. Response at 3.

The examining attorney notes that both products are cosmetic creams for the face on the basis of the identification. Additionally, he believes that nothing the applicant has submitted dissuades him from this identical or near-identical comparison. Applicant states that both are

"cosmetic creams" and seems to note that both fall into the "sea of creams for wrinkle treatments." As to customer sophistication, the fact that purchasers are sophisticated or knowledgeable in a particular field does not necessarily mean that they are sophisticated or knowledgeable in the field of trademarks or immune from source confusion. *See In re Decombe*, 9 USPQ2d 1812 (TTAB 1988); *In re Pellerin Milnor Corp.,* 221 USPQ 558 (TTAB 1983); TMEP §1207.01(d)(vii). A similar customer sophistication argument would apply to nearly all consumer goods, which are most often purchased in a setting that leads to the *most* consumer confusion, amidst thousands of directly competing trademarks. As to the channels of trade, such near-identical goods are marketed toward the same individuals. Applicant's distinction that registrant's goods are "created by nurses and marketed through medical offices, hospitals and spas," seems to go against the submitted evidence by applicant that includes links to buy registrant's products on the Internet, just as the applicant markets its goods.

Thus, the examining attorney maintains that these goods are identical as stated on the applications and any difference in actual use in commerce is extremely minor.

### (ii)    *Applicant's Additional Arguments*

The applicant has also argued that the source of the goods can be determined by the consumer via the FDA's required information included on cosmetic packaging. It is easy to argue that consumers could determine any differences between marks with a thorough inquiry at the place of purchase, but such an argument does not protect the average consumer. For that reason, the test of likelihood of confusion is not whether the marks can be distinguished when subjected to a side-by-side comparison. The question is whether the marks create the same overall impression. *Recot, Inc. v. M.C. Becton,* 214 F.2d 1322, 54 USPQ2d 1894, 1890 (Fed. Cir. 2000); *Visual Information Inst., Inc. v. Vicon Indus. Inc.,* 209 USPQ 179 (TTAB 1980). The focus is on the recollection of the average purchaser who normally retains a general rather than specific impression of trademarks. *Chemetron Corp. v. Morris Coupling & Clamp Co.,* 203 USPQ 537 (TTAB 1979); *Sealed Air Corp. v. Scott Paper Co.*, 190 USPQ 106 (TTAB 1975); TMEP §1207.01(b). To hold each purchaser to such scrutiny would lead to allowing marks that were nearly identical on identical goods and thereby increasing consumer confusion.

The applicant also notes that L'ATHENE was not cited against Reg. No. 2802740. There, the mark ATHENA was used on "biological reagents sold as a kit to laboratories and hospitals for clinical and medical laboratory use to detect human antibodies in human blood serum for in vitro diagnostic purposes," and that attorney did not cite it against registrant's nutritional supplements. These are clearly different goods in different channels of trade despite applicant's reliance on the fact they are both in Class 5. In any event, the Examining Attorney is not bound by past decisions of the Trademark Examining Operation. *In re Shapely, Inc.,* 231 USPQ 72, 75 (TTAB 1986). The Examining Attorney must resolve any doubt regarding a likelihood of confusion in favor of the prior registrant and against the applicant who has a legal duty to select a mark that is totally dissimilar to trademarks already being used. *Burroughs Wellcome Co. v. Warner-Lambert Co.,* 203 USPQ 191 (TTAB 1979); *In re Hyper Shoppes*

*(Ohio), Inc.*, 837 F.2d 463, 6 USPQ2d 1025 (Fed. Cir., 1988).  TMEP §§1207.01(d)(i).

       2.      Summary of 2(d) Refusal

In sum, because the marks are highly similar and due to the highly related goods and services, registration of the applicant's mark must be refused because it is likely to cause confusion with the registrant's marks under Section 2(d) of the Trademark Act.  The refusal to register the mark under Section 2(d) of the Trademark Act is, therefore, maintained and continued and made FINAL.

## Disclaimer Requirement Maintained and Continued and made FINAL

The examining attorney maintains and continues the requirement for a disclaimer of the phrase 7 MINUTE LIFT as a whole.

Applicant has agreed to enter the following disclaimer of 7 MINUTE apart from the mark as shown.  See Response at 4.

The examining attorney required the applicant to disclaim the descriptive wording 7 MINUTE LIFT for the goods in the Office Action of 4/4/2006.   In that action, the examining attorney explained that 7 MINUTE was merely descriptive of a feature of the goods, namely, the length of time that the goods were intended to work, and included website evidence of the applicant to this effect.  That evidence is included here as well.  As to the term LIFT, the examining attorney stated that LIFT was a shortened form of "face-lift," which merely described the intended purpose of the goods, to reduce wrinkles and sagging skin.  The attached evidence also details applicant's goods with statements that LIFT refers to the same principles as a face-lift, with an emphasis on eliminating facial wrinkles.  See also Exhibit B, Applicant's Response.

Terms such as 7 MINUTE that merely describe the time in which the goods are to be used are regularly disclaimed under USPTO practice.  Enclosed are examples of registrations disclaiming similar terms.  As to LIFT, the examining attorney maintains that LIFT refers exclusively to a face-lift *when viewed in context of the goods*, "herbal cosmetic cream facial treatment."  Attached are copies from the USPTO's X-Search database that show the term LIFT disclaimed on similar goods and services, both for cosmetic surgical procedures and cosmetics similarly intended to minimize wrinkles.  Additionally, these entries show the term LIFT used exactly as in applicant's mark, to refer to the reduction of wrinkles and sagging skin.

Applicant's arguments in this regard rely on (1) the term 7 MINUTE describing LIFT not the goods themselves, (2) the lack of a dictionary definition for LIFT referring specifically to facial treatments, (3) the parts of speech of the terms required to be disclaimed are such that their use is apparently suggestive and not descriptive, and (4) LIFT has a bevy of definitions that could mean any number of things. Response at 3. Thus, applicant argues, disclaimer should not be

required.

As to 7 MINUTE, the applicant states that it is describing the noun LIFT, with which the examining attorney agrees. 7 MINUTE, as an adjective, is used to describe LIFT, a term which is also descriptive of applicant's facial cream. Applicant then states that LIFT, as used as a noun, is not descriptive of the goods—it could only be descriptive in verb form, where it could mean, "to perform cosmetic surgery on the face, especially in order to remove wrinkles and sagging skin." Response at 3. However, the fact that a term is not found in the dictionary is not controlling on the question of registrability. *In re Gould Paper Corp.,* 834 F.2d 1017, 5 USPQ2d 1110 (Fed. Cir. 1987); *In re Orleans Wines, Ltd.,* 196 USPQ 516 (TTAB 1977); TMEP §1209.03(b). In this case however, there is extensive use of LIFT to refer to reduction of facial wrinkles and sagging. The examining attorney points to applicant's Exhibit F where the term, as a verb, means "to perform cosmetic surgery on (the face, for example, especially in order to remove wrinkles or sagging skin." Response, Exhibit F, pages 1 and 4. Additionally, Exhibit F references "face-lift" under the LIFT definition, and Exhibit E references "forehead lift" after the listed dictionary definitions. Response, Exhibit E, page 2, and Exhibit F, page 3 (citing Merriam Webster's Medical Dictionary, 2002). In the context of these goods, and whether intended as a noun or verb, the consumer will impart this definition to LIFT. Importantly, the attached registrations illustrate that this use is common in the field, as trademarks often alter the part of speech of a term with regard to the product yet it retains its descriptive quality.

The principal issue with regard to descriptive terms and disclaimers is whether the term merely describes to consumers the goods or a feature, quality, or characteristic of them. 7 MINUTE LIFT, when used on these goods, conveys directly to consumers that this product is used to reduce facial wrinkles (LIFT) and features a seven-minute time period in which it works (7 MINUTE). Thus, applicant's focus on the parts of speech is misguided here. The phrase as a whole is descriptive, even if 7 MINUTE is used as an adjective describing LIFT as a noun. The fact that "7 Minute to perform cosmetic surgery on the face" is nonsensical does not address the descriptiveness of these terms to the goods' consumers. Response at 4. Nor does the fact that LIFT could mean other things in other contexts. LIFT describes the goods as applied, "herbal cosmetic cream facial treatment." The fact that it could mean "to make one feel better," "raise one's spirits," "physically transport one to a different location," etc., does not address the use of LIFT in this context. Response at 4. Thus, when applicant states that the words "do not necessarily describe a facial cream," it again misses the mark—the words are *in fact to be used on facial cream* and merely describe that product.

In sum, the examining attorney continues and maintains and makes FINAL his requirement for a disclaimer of 7 MINUTE LIFT. The examining attorney accepts applicant's disclaimer of 7 MINUTE, but believes the phrase as a whole should be disclaimed under USPTO practice. See TMEP §1213.08(b).

        3.      For Applicant's Information Only

If applicant fails to respond to this final action within six months of the mailing date, the

application will be abandoned. 15 U.S.C. §1062(b); 37 C.F.R. §2.65(a). Applicant may respond to this final action by:

(1) (1) submitting a response that fully satisfies all outstanding requirements, if feasible (37 C.F.R. §2.64(a)); and/or

(2) (2) filing an appeal to the Trademark Trial and Appeal Board, with an appeal fee of $100 per class (37 C.F.R. §§2.6(a)(18) and 2.64(a); TMEP §§715.01 and 1501 *et seq.*; TBMP Chapter 1200).

In certain circumstances, a petition to the Director may be filed to review a final action that is limited to procedural issues, pursuant to 37 C.F.R. §2.63(b)(2). 37 C.F.R. §2.64(a). *See* 37 C.F.R. §2.146(b), TMEP §1704, and TBMP Chapter 1201.05 for an explanation of petitionable matters. The petition fee is $100. 37 C.F.R. §2.6(a)(15).

/Peter Bromaghim/
Trademark Examining Attorney
Law Office 107
Phone: (571)-272-8912
Fax: (571)-273-8912

**HOW TO RESPOND TO THIS OFFICE ACTION:**
- ONLINE RESPONSE: You may respond using the Office's Trademark Electronic Application System (TEAS) Response to Office action form available on our website at http://www.uspto.gov/teas/index.html. If the Office action issued via e-mail, you must wait 72 hours after receipt of the Office action to respond via TEAS. **NOTE: Do not respond by e-mail. THE USPTO WILL NOT ACCEPT AN E-MAILED RESPONSE.**
- REGULAR MAIL RESPONSE: To respond by regular mail, your response should be sent to the mailing return address above, and include the serial number, law office number, and examining attorney's name. **NOTE: The filing date of the response will be the *date of receipt in the Office*,** not the postmarked date. To ensure your response is timely, use a certificate of mailing. 37 C.F.R. §2.197.

**STATUS OF APPLICATION:** To check the status of your application, visit the Office's Trademark Applications and Registrations Retrieval (TARR) system at http://tarr.uspto.gov.

**VIEW APPLICATION DOCUMENTS ONLINE:** Documents in the electronic file for pending applications can be viewed and downloaded online at http://portal.uspto.gov/external/portal/tow.

**GENERAL TRADEMARK INFORMATION:** For general information about trademarks, please visit the Office's website at http://www.uspto.gov/main/trademarks.htm

> **FOR INQUIRIES OR QUESTIONS ABOUT THIS OFFICE ACTION, PLEASE
> CONTACT THE ASSIGNED EXAMINING ATTORNEY SPECIFIED ABOVE.**

TDR Home


This document may be displayed as a PDF file containing images without text. You may view
online or save the entire document by clicking on the file download icon in the upper right corner
of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- **General trademark information:** *Please e-mail TrademarkAssistanceCenter@uspto.gov,
  or telephone either 571-272-9250 or 1-800-786-9199.*
- **Technical help:** *For instructions on how to use TDR, or help in resolving* **technical**
  *glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the
  USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- **Questions about USPTO programs:** *Please e-mail USPTO Contact Center (UCC).*

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly,
if necessary. Also, include the relevant serial number or registration number, if existing.*

# Exhibit "B"





# Exhibit "C"



SAUL
EWING
Attorneys at Law
A Delaware LLP

Sherry H. Flax
Phone: (410) 332-8784
Fax: (410) 332-8785
sflax@saul.com
www.saul.com

December 20, 2007

*Via Facsimile (602-285-5100) and U.S. Mail*
Scot L. Claus
Mariscal, Weeks, McIntyre & Friedlander
2901 N. Central Ave. Suite 200
Phoenix, AZ 85012-2797

    Re: Claim of Trademark Infringement: L'ATHENE, U.S. Reg. Nos. 2375842
      and 2559924

Dear Mr. Claus:

    This office represents L'Athene, Inc., a manufacturer of skin care products
located in South Carolina. L'Athene has been providing its products to physicians, medical spas,
salons and individual consumers throughout the United States and internationally since at least as
early as September 1999 under the L'ATHENE® trademark, U.S. Reg. No. 2375842, and
L'ATHENE (AND DESIGN), U.S. Reg. No. 2559924. L'Athene has expended significant
resources to establish and maintain the outstanding reputation and good will associated with its
L'ATHENE® brand.  L'Athene's products are also sold on an Internet website located at
www.lathene.com.

    We have recently learned that your client, Earthspring LLC, is using the name
ATHENA in connection with its skin care products and that it has filed application in the United
States Patent and Trademark Office to register a mark that contains the term ATHENA for these
products.  GREEK ISLAND LABS ATHENA 7 MINUTE LIFT, U.S. Ser. No. 76684699.  You
are undoubtedly aware that Earthspring previously filed applications to register marks that
contain the term ATHENA: ATHENA 7 MINUTE LIFT, U.S. Ser. No. 76646297, abandoned
after a refusal to register based on the prior registrations of L'ATHENE for the same products;
ATHENA DAYTIME TONING MOISTURIZER THERAPY, U.S. Ser. No. 76673305, refused
on the basis of the L'ATHENE registrations; ATHENA MICRODERMABRASION DAILY
SCRUB, U.S. Ser. No.  76673302, also refused on the basis of the L'ATHENE registrations;
ATHENA SKIN CARE COLLECTION, U.S. Ser. No. 76673301, also refused on the basis of
the L'ATHENE registrations; and , ATHENA NIGHTLY RENEWAL CREAM, U.S. Ser. No.
76673300, also refused on the basis of the L'ATHENE registrations.  You have nonetheless filed
new applications, under oath, claiming Earthspring's right to exclusive use of the ATHENA
name.

500 East Pratt Street ♦ Baltimore, MD 21202-3133 ♦ Phone: (410) 332-8600 ♦ Fax: (410) 332-8862

BALTIMORE    CHESTERBROOK    HARRISBURG    NEWARK    PHILADELPHIA    PRINCETON    WASHINGTON    WILMINGTON
A DELAWARE LIMITED LIABILITY PARTNERSHIP

December 20, 2007
Page 2

Not only has Earthspring violated L'Athene's rights in its marks, it has also copied its product design, colors and overall appearance, thereby infringing on L'Athene's distinctive and well-established trade dress. This further evidences Earthspring's knowledge of the L'Athene product line and its intent to palm off of the goodwill and reputation of this company.

Please be advised that L'Athene strenuously objects to Earthspring's unauthorized use of a mark and design so obviously confusingly similar to the L'ATHENE registered marks. The use of ATHENA is a direct infringement of L'Athene's exclusive right to use its trademarks and trade dress, in direct violation of L'Athene's rights under federal, state and common law intellectual property laws.

L'Athene demands that Earthspring immediately cease and desist from all use of ATHENA, or any confusingly similar term, and the L'ATHENE trade dress in connection with skin care or cosmetic products. Please contact this office by no later than Friday, December 28, 2007, to confirm that Earthspring will immediately cease and desist from all use of the ATHENA name, or any other name that is confusingly similar to L'ATHENE, and from all use of L'Athene's trade dress in connection with skin care or cosmetic products. We look forward to an amicable resolution of this matter.

Very truly yours,

/sherry flax/

Sherry H. Flax

cc: L'Athene, Inc.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
L'ATHENE, INC.

**(b)** County of Residence of First Listed Plaintiff : __New York__
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Kimberly L. Gattuso, Esquire    302-421-6800
Saul Ewing LLP
222 Delaware Avenue, Suite 1200
Wilmington, Delaware 19801

## DEFENDANTS
EARTHSPRING LLC AND GREEK ISLAND LABS LLC

County of Residence of First Listed Defendant: __California__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District (Specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1051 et seq

Brief description of cause:
This is a civil action for trademark infringement, false designation of origin, and unfair competition arising under the Federal Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq and common law of Delaware

## VII. REQUESTED IN COMPLAINT
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE: 2/25/08

SIGNATURE OF ATTORNEY OF RECORD
_Kimberly L. Gattuso_

556822.1 2/25/08

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 8 - 1 1 4 _____

## ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ 2 _____ COPIES OF AO FORM 85.

_____ 8/25/07 _____
(Date forms issued)

X _____
(Signature of Party or their Representative)

_____ Gabriel Peak _____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action