IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| L'ATHENE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-114-SLR |
| | ) | |
| EARTHSPRING LLC and | ) | |
| GREEK ISLAND LABS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS EARTHSPRING LLC AND GREEK ISLAND LABS LLC'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN
THE ALTERNATIVE, TO TRANSFER ACTION TO THE DISTRICT OF ARIZONA**

Defendants EarthSpring LLC ("EarthSpring") and Greek Island Labs LLC

("Greek Island") (collectively "Defendants"), seek the dismissal of this action for lack of

personal jurisdiction and improper venue.  In the alternative, Defendants ask that the Court enter

an Order pursuant to 28 U.S.C. § 1404(a) transferring the above-styled case for the convenience

of parties and witnesses, and in the interest of justice, to the United States District Court for the

District of Arizona.

## I.  STATEMENT OF FACTS

On February 25, 2008, Plaintiff L'Athene, Inc. ("Plaintiff") initiated this action by

filing a complaint in the United States District Court for the District of Delaware.  In that

complaint, Plaintiff alleges it has suffered damage to its registered mark L'Athene for cosmetic

preparations and brings the following three causes of action: (1) trademark infringement

(Plaintiff's complaint at ¶¶8-25); (2) unfair competition under the Lanham Act (*Id.* at ¶¶26-29);

and (3) common law infringement (*Id.* at ¶¶30-31).  Plaintiff seeks various declaratory relief (*Id.*

at 9), injunctive relief prohibiting Defendants from using any Athena mark and requiring

destruction of all materials containing the mark (*Id.* at 9-10), monetary damages in the amount of

"all revenues received by Defendants" in connection with the sale of any product under the ATHENA mark (*Id.* at 10), and its costs and attorney's fees (*Id.*).

In its complaint, Plaintiff contends that venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(b) and (d) because, as it alleges, "Defendants regularly conduct business in this district." (*Id.* at ¶7.) Plaintiff is a corporation incorporated under the laws of the State of Delaware, but which maintains its principal place of business in Mt. Pleasant, South Carolina. (*Id.* at ¶2.) EarthSpring and Greek Island are both Arizona limited liability companies which maintain their principal places of business in Arizona. (*Id.* at ¶¶3-4; *see also* Affidavit of Mark Tahiliani, April 4, 2008, at ¶2, attached hereto as Exhibit A (hereinafter the "Tahiliani Affidavit").)

Greek Island is wholly owned by EarthSpring, a holding company that has no employees or contractors and does not sell or distribute any products. (Tahiliani Affidavit at ¶¶1-2.) Greek Island currently offers only five products for sale, including the Athena 7 Minute Lift, Athena Nightly Renewal Cream, Athena Microdermabrasion Daily Scrub, Athena Daytime Toning Moisturizer Therapy, and a dietary supplement that does not use Athena in its product name. (*Id.* at ¶2.) Greek Island, which was organized in 2005, is an Internet start-up company with limited assets, minimal operations, and only three officers and nine employees. (*Id.* at ¶¶2, 8.) All of these individuals reside in Arizona, and none has ever traveled to the state of Delaware to conduct business for Greek Island. (*Id.* at ¶8.)

Neither EarthSpring nor Greek Island has any offices, telephone numbers, bank accounts, or property in the State of Delaware. (*Id.* at ¶3.) Greek Island has no representatives or agents in Delaware and has never directly targeted any advertising to Delaware residents.

(*Id.*) Greek Island's products are only available at select stores, none of which is in the state of Delaware, and over the Internet through Greek Island's websites. (*Id.* at ¶4.)

In the year 2007, Greek Island sold a total of 51,100 total units of its five products. (*Id.* at ¶6.) Of that total, only an estimated 90 units were sold to residents in the state of Delaware. (*Id.*) Thus, the Delaware sales represent only approximately 0.176% of Greek Island's total sales for 2007. As of the date of the filing of this motion, in 2008, Greek Island has sold only 18 units to Delaware residents out of nationwide sales of approximately 12,200. (*Id.*)

## II. ARGUMENT

### A. This Action Should be Dismissed Because this Court Lacks Personal Jurisdiction over EarthSpring and Greek Island.

Rule 12(b)(2) of the Federal Rules of Civil Procedure requires a court to dismiss an action when the court lacks personal jurisdiction over the defendants. *E.I. DuPont de Nemours and Co. v. Rhodia Fiber and Resin Intermediates, S.A.S.,* 197 F.R.D. 112, 119 (D. Del. 2000). Two requirements, one statutory and one constitutional, must be met before a court can exercise personal jurisdiction over a defendant. *Parker v. Learn Skills Corp.*, 530 F. Supp. 2d 661, 669 (D. Del. 2008). First, the court must determine whether there is a statutory basis for finding jurisdiction under the Delaware long-arm statute, 10 Del. Code § 3104(c). *Intel Corp. v. Silicon Storage Technology, Inc.,* 20 F. Supp. 2d 690, 694 (D. Del. 1998). Second, if the Delaware long-arm statute authorizes jurisdiction, the court must then determine whether an exercise of jurisdiction violates the defendant's constitutional right to due process. *Id.* The plaintiff has the burden of showing the existence of personal jurisdiction, and of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction. *Sears, Roebuck & Co., v. Sears plc*

- 3 -

("*Sears II*"), 744 F. Supp. 1297, 1301 (D. Del. 1990); *Provident Nat'l Bank v. California Fed.*

*Sav. & Loan Assoc.,* 819 F.2d 434, 437 (3d Cir. 1987). As shown below, Plaintiff will be unable

to meet its burden.

**1.    The Delaware Long-Arm Statute Does Not Authorize The Court to Exercise Jurisdiction over EarthSpring and Greek Island.**

The Delaware long-arm statute states that "a court may exercise personal

jurisdiction over any nonresident, or a personal representative, who in person or through an

agent: (1) Transacts any business or performs any character of work or service in the State; (2)

Contracts to supply services or things in this State; (3) Causes tortious injury in the State by an

act or omission in this State; (4) Causes tortious injury in the State or outside of the State by an

act or omission outside the State if the person regularly does or solicits business, engages in any

other persistent course of conduct in the State or derives substantial revenue from services, or

things used or consumed in the State; (5) has an interest in, uses or possesses real property in the

State; or (6) contracts to insure or act as surety for, or on, any person, property, risk, contract,

obligation or agreement located, executed or to be performed within the State at the time the

contract is made ...." 10 Del. Code § 3104(c). Courts construing Delaware's long arm statute

have noted that the Delaware legislature drafted the statute to reach the "outer limits" of the

constitutionally permissible exercise of personal jurisdiction. *E.g., Moore v. Little Giant*

*Industries,* 513 F. Supp. 1043, 1048 (D. Del. 1981). However, any attempt to exercise

jurisdiction in this case would go *beyond* such limits.

**a.  Subsection (c)(1) does not confer jurisdiction here.**

Subsection (c)(1), the "transacting business" provision of the Delaware long-arm

statute, allows a court to exercise specific jurisdiction over a defendant where (1) the plaintiff's

claim arises from the defendant's activity; and (2) there is a "nexus between the cause of action

and the conduct used as a basis for jurisdiction." *Intel Corp.*, 20 F. Supp. 2d at 695. *See also Moore,* 513 F. Supp. at 1048 *(citing La Nuova D & B, S.P.A. v. Bowe Co.*, 513 A.2d 764, 769 (Del. 1986)). Simply engaging in isolated sales to the forum state does not qualify as transacting business. *Thorn EMI North America, Inc. v. Micron Technology,* 821 F.Supp. 272, 274 (D. Del. 1993); *see also Moore*, 513 F. Supp. at 1047 ("Shipment of goods into a state . . . without more, does not constitute 'transaction of business.'"). Rather, a sale must be "part of a general business plan . . . to solicit business in Delaware and deliver products to customers in Delaware" in order to rise to the level of transacting business. *Thorn EMI North America, Inc.*, 821 F. Supp. at 274. Here, plaintiffs cannot show that either EarthSpring or Greek Island purposefully directed any action towards Delaware, and, therefore section (c)(1) does not confer jurisdiction.

EarthSpring is merely a holding company that does not produce or distribute any products and which has no connection to Delaware whatsoever. (Tahiliani Affidavit at ¶¶2, 3.) While Greek Island has shipped a few units of product to residents of Delaware, those isolated sales do not constitute a "general business plan . . . to solicit business in Delaware and deliver products to customers in Delaware," and, thus, are not sufficient to satisfy § 3104(c)(1) of the long-arm statute. *Thorn EMI North America, Inc.*, 821 F.Supp. at 274; *see also Moore*, 513 F.Supp. at 1047 ("Shipment of goods into a state . . . without more, does not constitute 'transaction of business.'"). Furthermore, while Greek Island has, admittedly, advertised its products, those advertisements were directed at a national audience, and none specifically targeted residents of Delaware. (Tahiliani Affidavit at ¶4.) Once again, such conduct does not rise to the level of transacting business in Delaware under 3104(c)(1). *Intel Corp.*, 20 F. Supp. 2d at 696 (advertisements directed at national audience but not specifically directed at residents

of Delaware "do not rise to the level of transacting business in Delaware under 3104(c)(1).").

Thus, section (c)(1) does not confer jurisdiction in this case.

### b. Subsection (c)(2) does not confer jurisdiction here.

Subsection (c)(2) of the long-arm statute allows a court to exercise specific

jurisdiction over a defendant if the defendant contracted to sell services or things in Delaware.

"As a specific jurisdictional provision, the subsection requires a nexus between the cause of

action and the conduct used as a basis for jurisdiction." *Parker*, 530 F. Supp. 2d at 672. Plaintiff

likely will contend that the conduct of defendants alleged in the complaint falls within subsection

(c)(2) of the long-arm statute because defendants admittedly sold a small amount of products to

Delaware residents. However, as with subsection (c)(1), in order for subsection (c)(2) to apply

here, the contracts for services or things must have a "substantial nexus" to the plaintiff's causes

of action. *Intel*, *20* F. Supp. 2d at 698; *Moore*, 513 F. Supp. at 1047 (recognizing that cause of

action must "arise from" contract to provide services or things).

Here, the complaint is bereft of any allegation from which this Court could infer

such a nexus. The complaint does not allege that any Delaware resident is confused, has been

confused, or is likely to be confused as to the source of origin of any goods offered by

defendants. In addition, the complaint does not allege that Plaintiff "had a contract with any of

the defendant[s] to supply services or things in Delaware," and, in fact, "the claims asserted by

plaintiff do not arise from a contract between plaintiff or any of the defendants to provide

services in Delaware." *Parker*, 530 F. Supp. 2d at 672. *See also Delaware Marketing Partners,*

*LLC v. Creditron Financial Services, Inc.*, 2004 WL 1999973, at *4 (D. Del. Aug. 31, 2004)

(holding that although defendants were contractually obligated to extend credit offers to 64,000

Delaware residents, those obligations did not support a finding of personal jurisdiction under

- 6 -

subsection (c)(2) because defendant's obligation to extend lines of credit to Delaware citizens does not stem from the contract at issue in the case). Accordingly, subsection (c)(2) does not provide the basis for the exercise of personal jurisdiction either.[1]

### c. Subsection (c)(3) does not confer jurisdiction here.

Subsection (c)(3) of the long-arm statute allows a court to exercise specific jurisdiction over a defendant where the defendant caused "tortious injury in the State by an act or omission in this State." 10 Del. Code § 3104(c)(3); *Intel Corp.*, 20 F.Supp.2d at 698. However, this subsection only applies where the alleged tortious injury occurred in Delaware. *DuPont*, 197 F.R.D. at, 121. More importantly, for subsection (c)(3) to confer jurisdiction, "the defendant, or an agent of the defendant, must be present in Delaware when the deed is done." *Intel Corp.*, 20 F. Supp. 2d at 698.

Here, Plaintiff makes no claim that it suffered a "tortious injury" within the state of Delaware. Nor has Plaintiff alleged the presence of EarthSpring or Greek Island, or any of their agents, within the state of Delaware when any alleged "deed was done." *Id.* Accordingly, subsection (c)(3) does not apply to this matter.

---

[1] In *Moore*, the court found that subsection (c)(2) establishes jurisdiction over nonresidents "on the basis of a single act done or transaction engaged in by the nonresident within the state." 513 F. Supp. at 1048. However, the single transaction involved in that case, e.g. the sale of a ladder, was a transaction that occurred between the parties. *Id.* Similarly, in *Mendelson v. Delaware River & Bay Authority*, 56 F. Supp. 2d 436, 438-39 (D. Del. 1999), the court found that subsection (c)(2) conferred jurisdiction on the basis of a single transaction, e.g. the sale of custom-made fire doors. *Id.* However, once again, the transaction found to confer jurisdiction was one that occurred between the plaintiff and the defendant. *Id.* The facts of the instant case are distinguishable in that there is no allegation that Plaintiff and Defendants have ever engaged in a contractual relationship.

### d. Subsection (c)(4) does not confer jurisdiction here.

Subsection (c)(4) of the long-arm statute allows a court to exercise general jurisdiction over a defendant "where a defendant's contacts with Delaware are not the subject of the lawsuit, but the defendant regularly solicits or does business in Delaware or "derives substantial revenue from services, or things used or consumed" in Delaware. *DuPont*, 197 F.R.D. at 121. In analyzing whether subsection (c)(4) confers jurisdiction, this court must first determine whether either EarthSpring or Greek Island regularly does or solicits business in Delaware. *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 405 (D. Del. 2002).[2] The court next must determine whether either EarthSpring or Greek Island derives substantial revenue from services provided in the state. *Id.* A review of the facts shows that neither defendant regularly solicits or does business in Delaware nor does either defendant derive substantial revenue from any services provided within Delaware.

Neither EarthSpring nor Greek Island regularly does business in Delaware. Neither has any employees, local telephone listing, bank accounts or real estate in Delaware. (Tahiliani Affidavit at ¶3.) Anything or anyone involved in either EarthSpring's or Greek Island's business is located in Arizona. (*Id.* at ¶¶2, 5, 7, 8.) Neither EarthSpring nor Greek Island solicit business in Delaware. EarthSpring does not advertise at all; Greek Island markets its products principally over the Internet through websites it maintains at www.7minutelift.com and www.greekislandlabs.com. (*Id.* at ¶4.) However, this cannot subject Greek Island to jurisdiction for "soliciting business" in Delaware, because "if owning a website justified a finding of general jurisdiction in Delaware, then virtually every major corporation would be subject to suit in Delaware's courts." *DuPont*, 197 F.R.D. at 122. Greek Island also advertises

---

[2]     An alleged trademark infringement is a tortious injury for purposes of jurisdiction. *Id.*

in a national magazine for the professional skin care industry. (Tahiliani Affidavit at ¶4.) These ads are not directed at Delaware residents and account for less than one percent of the total advertising spent on promoting Greek Island's products. (*Id.* at ¶4.) Thus, EarthSpring's and Greek Island's conduct "does not amount to regularly doing business or soliciting business in Delaware." *Bell Helicopter*, 295 F. Supp. 2d at 405.

In determining whether a defendant derived substantial revenue from services or things used or consumed in Delaware, "courts have determined that two to three percent of total revenue is sufficient to confer jurisdiction." *Bell Helicopter*, 295 F. Supp. 2d at 405 (citing *United States v. Consolidated Rail Corp.*, 674 F. Supp. 138, 144 n.4 (D. Del. 1987)). However, where, as here, Greek Island's Delaware sales represent only approximately 0.176% of Greek Island's total sales, those sales are not substantial enough to warrant an exercise of jurisdiction. *Id.* ("Delaware revenue, comprising less than 1% of total revenue, is not substantial enough to warrant an exercise of general jurisdiction."); *Parker*, 530 F. Supp. 2d at 674 n.7. Because Delaware's long-arm statute does not confer jurisdiction upon either EarthSpring or Greek Island, this action should be dismissed.[3]

### 2. An Exercise of Personal Jurisdiction Here Would Violate the Due Process Clause.

After determining whether there is a statutory basis for jurisdiction, a court next must assess whether the exercise of jurisdiction would violate a defendant's constitutional right to due process. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). The Due Process Clause limits the reach of long-arm statutes so that a court may not assert personal

---

[3] Defendants need not address either subsection (c)(5) or (c)(6) because there is no allegation that Defendants have ever held, used or possessed real property in Delaware pursuant to subsection (c)(5) or that they have ever contracted to act as a surety pursuant to subsection (c)(6).

jurisdiction over a nonresident defendant unless there are "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* The nature of these contacts must be such that the defendant should be reasonably able to anticipate being haled into court in the forum state. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Here, as set forth in detail in the Tahiliani Affidavit, EarthSpring and Greek Island have no office or telephone number in Delaware; are not registered to do business in Delaware; have no representatives, agents or employees in Delaware; own no property in Delaware; have no bank accounts in Delaware; and have no advertisers in Delaware. (Tahiliani Affidavit at ¶3.) While Greek Island maintains informational websites as well as a website through which products can be purchased, websites alone are insufficient to establish the necessary "purposeful availment" of activity targeting residents in a particular state. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003); *see also DuPont*, 197 F.R.D. at 122. Sales over the Internet to residents in Delaware constituted only 0.176% of Greek Island's sales for 2007, and a similar percentage so far in 2008. Thus, there are simply no facts that show any persistent conduct aimed at Delaware or that either EarthSpring or Greek Island derive substantial revenue here.

Nor can it be said that Earthspring and Greek Island have ever "purposely availed" themselves of the laws of Delaware or have had "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 416 (1984). There is no evidence that Defendants "voluntarily sought the benefits and protections of the laws of this State." *Sears, Roebuck & Co., v. Sears plc ("Sears I"),* 744 F.

- 10 -

Supp. 1289, 1293 (D. Del. 1990). The Due Process Clause does not allow for jurisdiction over Defendants in such circumstances. Therefore, Defendants' motion to dismiss should be granted.

### 3. The Exercise Of Personal Jurisdiction Over Defendants In Delaware Offends Traditional Notions Of Fair Play And Substantial Justice.

Even if the Court were to determine that EarthSpring and Greek Island purposefully established minimum contacts with Delaware sufficient to confer on this Court personal jurisdiction, such jurisdiction may be exercised only if the Court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316, 66 S. Ct. at 158; *Mellon Bank v. Farino*, 960 F.2d 1217, 1222 (3d Cir. 1992).

In making that determination, the Court should consider (1) the burden on EarthSpring and Greek Island, (2) Delaware's interest in resolving this dispute, (3) Plaintiff's interest in receiving convenient and effective relief, (4) the judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interests of the states involved in furthering fundamental social policies. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77, 105 S. Ct. 2174, 2184 (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 292, 100 S. Ct. at 564 (1980)).

EarthSpring and Greek Island will suffer a significant burden if they are forced to litigate this matter in this forum. Specifically, EarthSpring and Greek Island and its employees and officers will be burdened by the necessity of extensive travel in order to participate in discovery and any trial in this forum. (Tahiliani Affidavit at ¶8.) Greek Island is a small, start-up operation with only three officers and nine employees, and the absence of any one of its principals or employees would pose a significant hardship. (*Id.*) Moreover, Defendants' defenses and claims will be supported primarily by the testimony of witnesses residing, and the

production of documents located, in or near Chandler, Arizona. (*Id.* at ¶¶5, 7, 8.) These significant, and perhaps crippling, burdens warrant the dismissal of this action.

The remaining factors are best addressed by comparing the relative interests of Delaware, Arizona, and Plaintiff. Although Delaware certainly has an interest in providing a forum in which its citizens can seek relief for alleged injuries, Plaintiff, while recently incorporated in Delaware, does not reside in Delaware, nor, upon information and belief, does it employ any Delaware citizens. The State of Arizona, too, has an interest in providing a forum in which its citizens may assert defenses and present claims. Arizona, however, has a greater interest because both EarthSpring and Greek Island are located there, while no party is located in Delaware. Under these facts, this Court's exercise of personal jurisdiction over EarthSpring and/or Greek Island in the instant action is neither appropriate nor constitutionally permissible.

**B.    Venue in the District of Delaware Is Improper.**

Federal Rule of Civil Procedure 12(b)(3) provides that a motion to dismiss may be made on the basis of improper venue. Proper venue is necessary to protect a defendant's interests surrounding plaintiff's selection of the place of trial. "In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (internal quotation omitted). Plaintiff alleges in its complaint that venue in this action is governed by 28 U.S.C. § 1391(b) and (d). Because neither of those provisions properly establish venue in the District of Delaware, the Court should dismiss this action.

Section 1391(b), Title 28, provides that "[a] civil action . . . may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which *a substantial part* of the events or omissions giving rise to the claim occurred, or *a substantial part* of property that is the subject of the action is situated; or

- 12 -

(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). None of these provisions apply to Plaintiff's complaint.

First, neither EarthSpring or Greek Island "resides" in Delaware. For purposes of a venue inquiry, a defendant "that is a corporation . . . reside[s] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Here, as set forth above in Section II.A., personal jurisdiction over EarthSpring and Greek Island is not proper in Delaware. Therefore, Delaware is not a district where the Defendants "reside," and venue is improper under § 1391(b)(1).

Second, a "substantial part of the events" giving rise to Plaintiff's claim did not occur in the District of Delaware. This provision favors the defendant in a venue dispute in that it requires that "the events or omissions supporting a claim be 'substantial.'" *Cottman*, 36 F.3d at 294. "Events or omissions that might have some tangential connection with the dispute in litigation are not enough." *Id.* This requirement of substantiality is intended to "preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Id.* Thus, where, as here, a "substantial part of the events or omissions giving rise to [plaintiff's] claim" did not occur in Delaware, venue is improper.

Delaware simply does not now have, nor has it ever had, any meaningful connection to this litigation. EarthSpring does not advertise, sell or distribute any products, while Greek Island has made only *de minimus* sales of products bearing the allegedly infringing marks in Delaware. Plaintiff does not allege that any Delaware residents have been confused by any of Greek Island's allegedly infringing products. It is certainly not the district where a

- 13 -

"substantial part" of the alleged events or omissions giving rise to the claim could have occurred. Thus, venue for this civil action cannot be founded upon 28 U.S.C. § 1391(b)(2).

Third, because other districts exist in which EarthSpring and Greek Island "may be found," there is no basis for relying on § 1391(b)(3). Venue for this civil action would be proper in the District of Arizona because, *inter alia*, both—i.e., all—of the defendants reside there. 28 U.S.C. § 1391(b)(1). Section 1391(b)(3), which provides that a civil action may be venued in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought," therefore cannot serve as the basis for venue in Delaware.

Nor would Plaintiff's reliance on § 1391(d) be availing. That section states that "an alien may be sued in any district," 28 U.S.C. § 1391(d), because an "alien" has no residence in the United States for venue purposes. *See Brunette Machine Works, Ltd. v. Kochum Industries, Inc.*, 406 U.S. 706, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972). Here, section 1391(d) is inapplicable because EarthSpring and Greek Island are domestic limited liability companies organized under the law of the state of Arizona with their principal places of business also in that state. (Complaint at ¶¶ 3-4; Tahiliani Affidavit at ¶2.)

## C.    The Court Should Dismiss This Action Based On *Forum Non Conveniens.*

Dismissal under *forum non conveniens* is proper where:

> An alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S. Ct. 252, 258 (1981) (quoting *Koster v. Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524, 67 S. Ct. 828, 831-32 (1947).[4]  The initial inquiry for the Court is whether there is an alternative, adequate forum to hear the case.  *Id.* Once this requirement is established, courts weigh the public and private factors discussed in more detail below.

As discussed elsewhere herein, Arizona is the proper venue for this case. Defendants are both limited liability companies organized under the laws of the State of Arizona and thus are subject to the jurisdiction of Arizona courts. (*See* Complaint at ¶¶3-4.) Moreover, there is no question that causes of action for federal trademark infringement and unfair competition may be brought and heard in Arizona.  As Defendants are amenable to process in Arizona and an adequate legal remedy exists for the Plaintiff, Arizona is an adequate alternative forum for this action.  Given the location of all of the materials which Plaintiff seeks destruction of—all of Defendants' "signs, brochures, displays, advertisements, labels, prints, decals, and all other materials" which bear the Athena mark, and the likelihood that physical travel to that location will be necessary during the litigation of this case, EarthSpring and Greek Island will be unnecessarily burdened by being required to litigate in the District of Delaware.  (Tahiliani Affidavit at ¶5.)  The burden on all parties will necessarily outweigh the convenience of the Plaintiff, which does not even maintain its principal place of business in Delaware, instead residing several states, and many hundreds of miles, away in South Carolina.  (Complaint at ¶ 2.) Thus, Arizona is a more convenient forum, and the Court should dismiss the case on this basis.

---

[4]     The same factors are applied in determining a motion to dismiss and motion to transfer based on *forum non conveniens*.  A more detailed discussion of those factors as applied to the facts of this case appears in Section D, *infra*.

**D.     In the Alternative, this Court Should Transfer this Case to the United States District Court for the District of Arizona.**

If this Court does not sustain EarthSpring's and Greek Island's motion to dismiss the complaint based upon the arguments contained herein, the Court should, in the interest of justice and for the convenience of the parties and witnesses, transfer this case to the United States District Court for the District of Arizona. To that end, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) (providing for dismissal or transfer of case in the interest of justice). Section 1404(a) "arms district courts with the broad mandate to transfer a civil action 'to any other district or division where it might have been brought' when the 'convenience of parties and witnesses' or 'the interest of justice' requires such a course." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878-89 (3d Cir. 1995).

As the Third Circuit explained in *Jumara*, this Court should look at several private and public interests in weighing transfer. Included among these private factors are: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* at 879 (citations omitted). The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the

public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." *Id.*

Under the foregoing criteria, and if this Court denies EarthSpring's and Greek Island's motion to dismiss, a transfer of the case to the United States District Court for the District of Arizona is warranted. The claim asserted by Plaintiff arises out of allegedly infringing products produced by Greek Island in the state of Arizona. (Tahiliani Affidavit at ¶¶5, 7, 8.) Not only are both defendants limited liability companies organized under Arizona law with their headquarters and principal place of business only in Arizona (*Id.* at ¶2), but all of the allegedly infringing materials giving rise to Plaintiff's claim are also located in Arizona. All of EarthSpring's and Greek Island's material witnesses and evidence are located in Arizona. (*Id.* at ¶¶ 7, 8.) In stark contrast, Delaware has virtually no relation to this litigation. Greek Island's sales in Delaware are *de minimus*, and, upon information and belief, none of ***Plaintiff's*** witnesses, documents or other evidence are located in Delaware. They, instead, are in South Carolina where Plaintiff maintains its principal place of business. Thus, Delaware cannot even be said to be Plaintiff's "home turf" for this action.[5] (*See* Complaint at ¶ 2.) The only fact alleged that remotely relates to Delaware is that Plaintiff was incorporated here, which is neither significant nor relevant to Plaintiff's claims for relief. Accordingly, transfer of this action to the District of Arizona is warranted.

---

[5]    Another Court in this District has recognized that when a Plaintiff is incorporated in Delaware but resides elsewhere, its decision to sue in Delaware is accorded less weight: "[W]hen the plaintiff has chosen to bring suit in a district that is not plaintiff's 'home turf' and that has no connection to any acts giving rise to the lawsuit, convenience to the plaintiff is not as great as it would be were plaintiff litigating at or near plaintiff's principal place of business or at the site of activities at issue in the lawsuit." *Burstein v. Applied Extrusion Techs. Inc.*, 829 F. Supp. 106 (D. Del. 1992).

## CONCLUSION

For the foregoing reasons, Defendants EarthSpring LLC and Greek Island Labs LLC, respectfully request that this Court grant their motion and dismiss Plaintiff's complaint or, in the alternative, enter an order transferring this action to the United States District Court for the District of Arizona.

Dated:  April 4, 2008

/s/ Beth Moskow-Schnoll
Beth Moskow-Schnoll, Esq. (No. 2900)
BALLARD SPAHR ANDREWS
 & INGERSOLL, LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
Telephone:  (302) 252-4447
Facsimile:  (302) 355-0221
Email:  moskowschnollb@ballardspahr.com

*Attorney for Earthspring LLC and Greek Island Labs LLC*

OF COUNSEL:
Scot Claus, Esquire
MARISCAL, WEEKS, MCINTYRE,
 & FRIEDLANDER, P.A.
2901 North Central Avenue, Suite 200
Phoenix, AZ 85012
Tel: (602) 285-5000
Fax: (602) 285-5100
Email:  scot.claus@mwmf.com

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

L'ATHENE, INC.,                          )
                                         )
    Plaintiff,                      )
                                         )
    v.                              )          Civil Action No. 08-114-SLR
                                         )
EARTHSPRING LLC and                      )
GREEK ISLAND LABS LLC,                   )
                                         )
    Defendants.                     )

### AFFIDAVIT OF MARK TAHILIANI

I, Mark Tahiliani, being of full age and duly sworn according to law upon oath deposes and says:

    1.    I am the trustee of KPAW Trust U/T/A, the trust that owns EarthSpring LLC ("EarthSpring"). EarthSpring LLC is a holding company that owns 100% of the membership interest in Greek Island Labs LLC ("Greek Island"). I also am the founder of both Greek Island and EarthSpring and, as such, have personal and intimate knowledge of the operations of both Greek Island and EarthSpring. I also have personal knowledge of the matters set forth herein, and attest that they are true and correct.

    2.    Both Greek Island and EarthSpring are Arizona limited liability companies, and both maintain their principal place of business at 25 South Arizona Place, Chandler, Arizona 85225, in a 1,340 square foot office. EarthSpring was organized in 2001. Greek Island was organized in 2005. Greek Island currently offers only five products for sale, including the Athena 7 Minute Lift, Athena Night Cream, Day Cream, face scrub, and a dietary supplement that does not use Athena in its product name. Greek Island is an Internet start-up company with limited assets and minimal operations. It outsources all of its finance and inventory control, human resource and IT functions to third party contractors. It is, for the most

part, a virtual company. EarthSpring's only connection to this litigation is that it is the owner of

Greek Island and that it was the applicant before the United States Patent and Trademark Office

("USPTO") to register the following marks: Athena 7 Minute Lift, U.S. Ser. No. 76646297;

Athena Nightly Renewal Cream, U.S. Ser. No.76673300; Athena Skin Care Collection, U.S. Ser.

No. 76673301; Athena Microdermabrasion Daily Scrub, U.S. Ser. No. 76673302; Athena

Daytime Toning Moisturizer Therapy, U.S. Ser. No.76673305; and Greek Island Labs Athena 7

Minute Lift, U.S. Ser. No. 76684699. EarthSpring, as a holding company, has no employees or

contractors, and does not sell or distribute any products.

3.    EarthSpring and Greek Island do not have, nor have they ever had, any

offices in the State of Delaware; do not have any telephone numbers in the state of Delaware;

are not registered to do business in the state of Delaware; do not have any employees,

representatives or agents in Delaware; do not own property in Delaware; do not have any bank

accounts in Delaware; and have never directly targeted any advertising to Delaware residents.

No agent or employee of EarthSpring or Greek Island Labs has ever visited the state of Delaware

for business.

4.    Greek Island markets its products principally over the Internet through

websites it maintains at: www.7minutelift.com and www.greekislandlabs.com. Over 99% of the

sales by Greek Island are made via the Internet. An extremely small number of authorized

retailers sell the product at brick and mortar locations, none of which are in the state of

Delaware. Greek Island does the majority of its advertising on the Internet. In 2007, Greek

Island purchased only approximately $16,230 in print media advertising. Of that total, $16,080

was spent on six (6) display advertisements, and $150 on one classified advertisement, in "Skin

Inc.," a magazine for the professional skin care industry. These magazine ads account for less

than one percent of the total advertising spent on promoting the Athena products.

2

5.    Any products purchased from Greek Island are shipped to customers from Greek Island's offices in Chandler, Arizona. All of the materials which Plaintiff seeks the destruction of in its Complaint--"all signs, brochures, displays, advertisements, labels, prints, decals"-- are located in the state of Arizona.

6.    In the calendar year 2007, Greek Island tallied approximately $4.6 million in gross revenues on the sales of approximately 51,100 total units of its five products. Only ninety (90) of those approximately 51,100 units sold were shipped to residents in Delaware. As of today's date, in 2008, Greek Island has sold only 18 total product units to Delaware residents out of nationwide sales of approximately 12,200.

7.    Greek Island's accounting records are maintained by Radcliff Consultants, LLC ("Radcliff"), an Arizona limited liability company, which handles all accounting, tax, human resources, inventory and finance services on behalf of Greek Island. Radcliff is located at 25 South Arizona Place, Chandler, Arizona 85225.

8.    Greek Island employs a total of only nine employees and three officers. All of these individuals reside in the state of Arizona. None has ever traveled to Delaware to conduct business for Greek Island. The absence of these officers and/or employees from their employment would be incredibly damaging to our nascent business operations and could possibly result in the business losing substantial revenues and/or failing. The presence in Delaware of any of these individuals for depositions or other discovery would be expensive, as they are all residents of Arizona. That expense would prove a significant hardship to Greek Island.

9.    I understand that false statements made herein are subject to the penalties of 28 U.S.C. § 1746 relating to unsworn declarations under penalty of perjury. I swear that the foregoing is true and correct to the best of my knowledge.

Dated:  April 3, 2008



Mark Tahiliani

Sworn to and subscribed
before me this  3  day of
April           , 2008.

Notary Public

My commission expires:

OFFICIAL SEAL
RACHEL A. KNOTT
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Commission Expires Jan. 16, 2000

4