IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| L'ATHENE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-114-SLR |
| | ) | |
| EARTHSPRING LLC and | ) | |
| GREEK ISLAND LABS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY OF DEFENDANTS EARTHSPRING LLC AND GREEK ISLAND LABS LLC TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Defendants EarthSpring LLC ("EarthSpring") and Greek Island Labs LLC ("Greek Island"), by and through their undersigned counsel, respectfully submit this Reply Brief in further support of their motion to dismiss or, in the alternative, transfer.

### I.    INTRODUCTION

On April 4, 2008, EarthSpring and Greek Island filed a motion to dismiss or, in the alternative, to transfer this action to the District of Arizona. The motion was based largely on the following undisputed facts: EarthSpring is a holding company located in Arizona that has no employees and which does not sell or distribute any products. (Affidavit of Mark Tahiliani, April 4, 2008, at ¶ 2, hereinafter the "Tahiliani Affidavit.")[1] Greek Island is a small, start-up company located in Arizona which was organized in 2005 and which has limited assets, minimal operations, and only three officers and nine employees, each of whom resides in Arizona. (*Id.*) While, during the last year and a half, Greek Island has admittedly sold a few units of product to residents of Delaware via its Internet website, it has no presence in Delaware, does not employ

---

[1] The Tahiliani Affidavit was attached as Exhibit A to Defendants' Memorandum of Law in Support of Their Motion to Dismiss or, in the Alternative, to Transfer Action to the District of Arizona, Docket Item 10.

any representatives or agents in Delaware, and has never directly targeted any residents of Delaware.

In its response to the motion to dismiss, plaintiff L'Athene Inc. ("L'Athene") does not contest or challenge the foregoing facts, or even address them, when arguing that this Court has jurisdiction over Defendants. Moreover, Plaintiff's response fails to address several of EarthSpring's and Greek Island's arguments and relies on misinterpretations of both the facts and the law. Finally, Plaintiff's response totally ignores applicable § 1404(a) case law governing the transfer of actions, substituting instead a standard under which no case could ever be transferred under any circumstances. As a result, Plaintiff wholly fails to present any grounds on which the relief sought by Defendants should be denied.

## II.  ARGUMENT

### A.  EarthSpring Is a Holding Company Over Which This Court Does Not Have Jurisdiction.

Plaintiff completely fails to address the undisputed fact that EarthSpring is merely a holding company based in Arizona with no ties to Delaware. (Tahiliani Affidavit ¶ 2.) Indeed, EarthSpring has no employees and has never manufactured, sold or distributed any products to anyone, let alone to any Delaware residents. (*Id.*) Likely because it cannot counter these facts, and despite a complete lack of record support, Plaintiff merely lumps EarthSpring and Greek Island together when arguing that the motion to dismiss should be denied as to both defendants. However, as these facts clearly do not support the exercise of jurisdiction over EarthSpring in this District, at the very least, the motion to dismiss must be granted as to this defendant.

### B.  Delaware's Long-Arm Statute Does Not Confer Jurisdiction over Defendants.

Plaintiff misstates the facts and/or misinterprets the law with regard to Defendants' argument that the Delaware long-arm statute does not confer jurisdiction here.

1.  **Plaintiff Relies on Fictitious Sales Figures in Support of Its Argument.**

Plaintiff erroneously and continuously claims that Defendants have been selling allegedly infringing products for the past *five* years and that their Delaware sales have been increasing. These assertions are incorrect for several reasons.[2] First, both Greek Island and EarthSpring were organized in 2005, only three years ago. (Tahiliani Affidavit ¶ 2.) Second, it is uncontroverted that EarthSpring has *never* sold any products. (*Id.*) Third, there are no facts in the record to support Plaintiff's claim that Greek Island sold any products prior to 2007. (Id. ¶ 6.) Finally, Plaintiff cannot point to any record support for its claim that Greek Island's sales to Delaware residents—which are scant and account for only a tiny fraction of Greek Island's overall sales—have been increasing. Simply put, Plaintiff's mischaracterization of the facts is unfounded and misleading.

2.  **Section (c)(1) Does Not Confer Jurisdiction Over Defendants.**

In its argument that § 3104(c)(1) confers jurisdiction over Defendants here, Plaintiff relies on *Toys "R" Us, Inc. v. Step Two, S.A.* (*"Toys"*), 318 F.3d 446 (3d Cir. 2003) and *Zippo Mfg. Co. v. Zippo Dot Com, Inc.* (*"Zippo"*), 952 F. Supp. 1119 (W.D. Pa. 1997). Neither of these cases, however, construes the Delaware long arm statute in any respect. In *Toys*, the court discusses personal jurisdiction in the context of the Due Process Clause. 318 F.3d at 451-52. In *Zippo*, the court begins with a discussion of the *Pennsylvania* long-arm statute but then collapses its analysis into a due process inquiry. 952. F. Supp. at 1122-23. This is impermissible when construing the Delaware long-arm statute because "[t]he Delaware Supreme Court has not determined that § 3104(c) is coextensive with federal due process, nor does it substitute federal due process analysis for state long-arm analysis." *Intel Corp. v. Silicon Storage Technology,*

---

[2]  Of course, Defendants vehemently disagree that their products were and/or are infringing.

*Inc.*, 20 F. Supp. 2d 690, 694 (D. Del. 1998). For this reason, "it is important *not* to collapse the long-arm inquiry into the due process inquiry." *Id.* (emphasis added). Thus, Plaintiff's reliance on *Toys* and *Zippo* is totally misplaced in the context of an argument under subsection (c)(1) and Plaintiff has not shown that subsection (c)(1) confers jurisdiction upon either defendant.

In addition, even if properly argued in the due process context, Plaintiff misstates the "purposeful availment" requirement of *Toys*. Plaintiff appears to argue that the mere hosting of an interactive website confers jurisdiction upon the operator. However, as stated in *Toys*, the Third Circuit's test for specific jurisdiction is whether the defendant "intentionally and knowingly transacted business with residents of the forum state, **and had significant other contacts with the forum besides those generated by its web site**." *Toys*, 318 F.3d at 453 (noting that the exact mix of Internet and non-Internet contacts required to support an exercise of personal jurisdiction should be determined by assessing the 'nature and quality of the contacts' on a case-by-case basis) (emphasis added).

Further, Plaintiffs ignore that the courts within the Third Circuit have greatly refined the *Zippo* court's analysis in the eleven years since that case was decided and the Internet has become a burgeoning commercial tool. Indeed, as the *Toys* court noted:

> Since Zippo, several district court decisions from this Circuit have made explicit the requirement that the defendant intentionally interact with the forum state via the web site in order to show purposeful availment and, in turn, justify the exercise of specific personal jurisdiction. See, e.g., *S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*, 79 F. Supp.2d 537, 540 (E.D. Pa. 1999) (observing that "a web site targeted at a particular jurisdiction is likely to give rise to personal jurisdiction."). As another district court in this Circuit put it, "courts have repeatedly recognized that there must be 'something more' . . . to demonstrate that the defendant directed its activity towards the forum state." *Desktop Technologies, Inc. v. Colorworks Reprod. & Design*, 1999 WL 98572, at *5 (E.D. Pa. Feb. 25, 1999).

318 F.3d at 452.

The district court should also "consider the defendant's related non-Internet activities as part of the 'purposeful availment' calculus." *Id.* at 453. Some of those non-Internet contacts to be considered are: "business trips to the forum state, telephone and fax communications directed to the forum state, purchase contracts with forum state residents, contracts that apply the law of the forum state, and advertisements in local newspapers." *Id.* at 453-54. It is uncontested that EarthSpring has no contacts with Delaware and that it has never manufactured or sold any products to residents of Delaware. While Greek Island admittedly has sold a few of its products to residents of Delaware via its website, there is no evidence that it had any other contacts with the state -- no employee or officer of Greek Island has ever traveled to Delaware, there is no evidence of any telephone or fax communications to Delaware, there is no record of any contracts which apply Delaware law, and there is no evidence that Greek Island ever directly targeted Delaware in any of its advertisements. Thus, Plaintiff has failed to show that either defendant "purposefully avail[ed] itself of the privilege of conducting activities" within Delaware. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Finally, in arguing that subsection (c)(1) confers jurisdiction here, Plaintiff misconstrues *Thorn EMI North America, Inc. v. Micron Technology*, 821 F. Supp. 272 (D. Del. 1993). (See Plaintiff's Response at 6). The *Thorn* court recognized that a defendant's business activities in the forum state are not sufficient to satisfy subsection (c)(1) unless the sales are "part of a general business plan to solicit business in Delaware and deliver products to Delaware." *Id.* at 274. Here, Plaintiff has presented **no** evidence whatsoever regarding Earthspring's or Greek Island's "business plans." Furthermore, Earthspring's complete lack of sales and Greek Island's *de minimus* sales in Delaware demonstrate that neither the forum nor its residents comprise a portion of any such purported business plans.

5

### 3. Section (c)(2) Does Not Confer Jurisdiction Over Defendants.

In its argument pertaining to the applicability of subsection (c)(2) of Delaware's long-arm statute, Plaintiff fails to address EarthSpring's and Greek Island's contention that this subsection cannot confer jurisdiction because "the claims asserted by plaintiff do not arise from a contract between plaintiff or any of the defendants to provide services in Delaware." *Parker v. Learn Skills Corp.*, 530 F. Supp. 2d 661, 672 (D. Del. 2008). While Plaintiff does claim that there is a nexus between the "Defendants' in-state activities and the causes of action complained of," Plaintiff's Response at 7-8, the two cases cited by Plaintiff in alleged support of this contention -- *Intel*, 20 F. Supp. 2d 690, and *Thorn EMI*, 821 F. Supp. 272 -- do not even discuss subsection (c)(2).[3] Thus, Plaintiff has not shown that subsection (c)(2) confers jurisdiction upon either EarthSpring or Greek Island.

### 4. Section (c)(3) Does Not Confer Jurisdiction Over Defendants.

In arguing that § 3104(c)(3) of the Delaware long-arm statute confers jurisdiction here, Plaintiff fails to directly address the prerequisite that for subsection (c)(3) to confer jurisdiction, "'the defendant, or an agent of the defendant, must be present in Delaware when the deed is done.'" *Intel Corp.*, 20 F. Supp.2d at 698 (quoting *Joint Stock Society v. Heublein*, 936 F. Supp. 177, 193 (D. Del. 1996). Instead, Plaintiff relies solely on two **patent** cases -- a Federal Circuit opinion arising out of the Eastern District of Virginia and Judge Farnan's decision in *TriStrata Technology Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635 (D. Del. 2008).

---

[3] Plaintiff fails to cite -- let alone distinguish -- *Delaware Marketing Partners, LLC v. Creditron Financial Services, Inc.*, 2004 WL 1999973, at *4 (D. Del. Aug. 31, 2004), in which this Court held that, although the defendants there were contractually obligated to extend credit offers to 64,000 Delaware residents, those obligations did not support a finding of personal jurisdiction under subsection (c)(2) because defendants' obligation to extend lines of credit to Delaware citizens did not stem from the contract at issue in the case.

*TriStrata* is inapposite.[4] In that case, Judge Farnan found that a national e-mail marketing campaign selling an allegedly infringing product was sufficient to establish specific jurisdiction under § 3104(c)(3). 537 F. Supp. 2d at 640-41. However, in deciding that the "injury" occurred in Delaware for long-arm purposes, the court relied only on the direct e-mail marketing efforts by the defendant whereby Delaware consumers were directly solicited to purchase the infringing product. *Id.* Here, there is no evidence, or even a colorable allegation, that either EarthSpring or Greek Island directly marketed any products to any Delaware consumers. To the contrary, as the Tahiliani Affidavit makes clear, consumers sought out Greek Island over the Internet, and thus Defendants cannot be said to have directly targeted any activities to Delaware. Without such an actual act in Delaware, there can be no jurisdiction under § 3104(c)(3).

### 5. There Is No General Jurisdiction Over the Defendants.

Plaintiff simply ignores EarthSpring's and Greek Island's argument that 10 Del. Code § 3104(c)(4) does not confer jurisdiction here. That subsection allows a court to exercise general jurisdiction over a defendant where a defendant regularly solicits or does business in Delaware or "derives substantial revenue from services, or things used or consumed" in Delaware. *E.I. DuPont de Nemours and Co. v. Rhodia Fiber and Resin Intermediates, S.A.S.*, 197 F.R.D. 112, 121 (D. Del. 2008). In failing to address this argument, Plaintiff has thereby conceded that the Court cannot exercise general jurisdiction over Defendants.

---

[4] While the Patent Act and the Lanham Act both provide that the "offer" for sale of a product may serve as a basis for infringement, a patent is a federally created property right while a trademark comes from common law. *See* 35 U.S.C. § 271(a); 15 U.S.C. § 1114(1)(a). Thus, the statutes cannot be treated interchangeably as Plaintiff attempts.

### C.  Exercising Jurisdiction Over Defendants Would Violate Due Process.

In arguing that the exercise of personal jurisdiction over EarthSpring and Greek Island would not violate the Due Process Clause, Plaintiff simply glosses over both the facts and Defendants' equitable arguments. Here, as set forth in detail in the Tahiliani Affidavit, EarthSpring, a holding company based in Arizona, has absolutely no ties to Delaware. (Tahiliani Affidavit ¶¶ 2, 3.) In addition, EarthSpring and Greek Island have no office or telephone number in Delaware, are not registered to do business in Delaware, have no representatives, agents or employees in Delaware, own no property in Delaware, have no bank accounts in Delaware, and have no advertisers in Delaware. (Tahiliani Affidavit ¶ 3.) While Greek Island maintains informational websites as well as a website through which products can be purchased, as discussed in detail above, websites alone are insufficient to establish the necessary "purposeful availment" of activity targeting residents in a particular state. *See Toys*, 218 F.3d at 453-54; *see also DuPont*, 197 F.R.D. at 122. Sales over the Internet to residents in Delaware constituted only 0.176% of Greek Island's sales for 2007, and a similar percentage so far in 2008. (Tahiliani Affidavit ¶ 6.) Thus, there are simply no facts that show any persistent conduct aimed at Delaware or that either EarthSpring or Greek Island derive a meaningful amount of revenue here.

The facts do show, however, that litigating this matter in Delaware would place such a substantial burden on EarthSpring and/or Greek Island "so as to offend the 'traditional notions of fair play and substantial justice.'" *Thorn EMI*, 821 F. Supp. at 276. Specifically, EarthSpring and Greek Island and its employees and officers will be burdened by the necessity of extensive travel in order to participate in discovery and any trial in this forum. (Tahiliani Affidavit ¶ 8.) Greek Island is a small, start-up operation with only three officers and nine employees, and the absence of any one of its principals or employees would pose a significant

hardship. (*Id.*) Moreover, Defendants' defenses and claims will be supported primarily by the testimony of witnesses residing, and the production of documents located, in or near Chandler, Arizona. (*Id.* at ¶¶ 5, 7, 8.) These significant, and perhaps crippling burdens warrant the dismissal of this action. *Thorn EMI*, 821 F. Supp. at 276.

Plaintiff's reliance on *Energy Transportation Group, Inc. v. William Demant Holding A/S*, No. C.A. 05-422, 2008 WL 78748 (D. Del. Jan. 4, 2008), in this context is misplaced. In that case, the facts showed that the defendant was a large company with substantial assets. *Id.* at *3-4. There are no facts that would support the same finding here. Furthermore, in finding that the burden on the defendant was not significant enough to outweigh Delaware's interest in the dispute, the court relied on the fact that "because many of the defendants are subsidiaries of [the moving defendant], the burden of document production and witness production will be minimal to [the moving defendant]." *Id.* at *5. In contrast, here the burden would rest squarely on EarthSpring and Greek Island and it could be crippling. (Tahiliani Affidavit ¶ 8.) For these reasons it would offend "traditional notions of fair play and substantial justice" for this court to exercise personal jurisdiction over Defendants.

### D.   Transfer of This Action is Warranted.

With respect to the transfer analysis, Plaintiff relies exclusively on its argument that its decision to file suit in Delaware is entitled to "paramount consideration and weight." (Plaintiff's Response at 12.) It is simply not the law, however, that a plaintiff's decision of where to file suit is the only factor to be considered. Such a position would vitiate 28 U.S.C. § 1404(a) and would never permit the transfer of any case under any circumstance.

As the Third Circuit made clear in *Jumara v. State Farm Insurance Co.*, 55 F.3d 873 (3d Cir. 1995), a court must consider a whole host of private and public interest factors in deciding whether to transfer a case. The court went so far as to consider the evaluation of these

9

factors as a "mandate." *Id.* at 880. Nevertheless, in response Plaintiff argues only one factor—that it chose to file its lawsuit in Delaware—weighs in support of keeping the action here. Stunningly, Plaintiff makes no other argument in reference to the remaining eleven factors cited in *Jumara*. Plaintiff has failed to identify a single witness, fact, or issue that is germane to Delaware. It has failed to identify where it keeps its books and records or otherwise indicate in any fashion why Delaware is an appropriate forum for this action. Plaintiff has not even produced an affidavit which suggests it would be inconvenienced by having to litigate this matter in Arizona.[5] These omissions cannot be ignored. In contrast to the Tahiliani Affidavit, which makes clear that Defendants would be severely inconvenienced by litigating in Delaware for myriad reasons, Plaintiff relies solely on its selection of forum. Plaintiff's tactic makes this an easy case: on the record before the Court, the *Jumara* factors weigh heavily and overwhelmingly in favor of transfer.

In any event, Plaintiff's reliance on its own choice of forum is misplaced here. While incorporated in Delaware, Plaintiff's principal place of business is in South Carolina and, thus, its decision to litigate the matter here "is not entitled to great weight in determining whether to grant a motion to transfer." *Joint Stock*, 936 F. Supp. at 187. As one court explained, "The forum chosen by the Plaintiff must reflect rational and legitimate concerns. When the plaintiff has chosen to bring suit in a district that is not his 'home turf' and which has no connection to any of the acts giving rise to the lawsuit, the convenience to the plaintiff is 'not as great as it would be were [he] litigating at or near [his] principal place of business or at the site of the activities at issue in the lawsuit.' Consequently, the 'quantum of inconvenience to defendant

---

[5] Indeed, the sole affidavit submitted by Plaintiff, that of Lillian Bogdan, makes no reference to any activities in Delaware, and instead reiterates the contentions in the complaint regarding proceedings before the United States Patent and Trademark Office.

10

needed to tip the balance strongly in favor of transfer is concomitantly reduced.'" *Burstein v. Applied Extrusion Techs. Inc.,* 829 F. Supp. 106, 110 (D. Del. 1992). Thus, the sole factor Plaintiff relies on does not even strongly weigh in favor of keeping this case in Delaware.

Although Plaintiff's chosen forum must be considered, it does not preclude the court from disapproving of a tactical choice to make litigation costly and inconvenient for Defendants, especially when the chosen forum confers no other benefits on the plaintiff. There are *no* witnesses or evidence in Delaware. Therefore, there is *no* reason to justify Plaintiff's choice of Delaware as a forum other than to force EarthSpring and Greek Island to spend time and resources litigating in an inconvenient and distant forum. As a result, transfer pursuant to § 1404(a) to the District of Arizona is warranted.

## III. CONCLUSION

For the foregoing reasons and for the reasons previously set forth by EarthSpring LLC and by Greek Island Labs LLC, Defendants' Motion to Dismiss or, in the Alternative, to Transfer to the District of Arizona should be denied.

Dated: May 28, 2008

/s/ Beth Moskow-Schnoll
Beth Moskow-Schnoll (No. 2900)
BALLARD SPAHR ANDREWS
 & INGERSOLL, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: moskowschnollb@ballardspahr.com

Attorney for Earthspring LLC and Greek Island Labs LLC

OF COUNSEL:

Scot Claus, Esquire
MARISCAL, WEEKS, MCINTYRE,
 & FRIEDLANDER, P.A.
2901 North Central Avenue, Suite 200
Phoenix, AZ 85012
Tel: (602) 285-5000
Fax: (602) 285-5100
Email: scot.claus@mwmf.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of May, 2008, true and correct copies of the Reply Brief in Further Support of the Motion to Dismiss of Defendants Earthspring LLC and Greek Island Labs LLC, were served on the following counsel via the Court's ECF filing system:

> Michael R. Robinson , Esquire
> SAUL EWING LLP
> 222 Delaware Avenue, Suite 1200
> P.O. Box 1266
> Wilmington, DE  19899
> Email:  mrobinson@saul.com

/s/ Beth Moskow-Schnoll
Beth Moskow-Schnoll, Esquire (No. 2900)