IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| L'ATHENE, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 08-114-SLR |
| | ) | |
| EARTHSPRING LLC and | ) | |
| GREEK ISLAND LABS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Michael R. Robinson, Esq. & Sherry H. Flax, Esq., of Saul Ewing, LLP, Wilmington, Delaware. Counsel for Plaintiff.

Beth Moskow-Schnoll, Esq., of Ballard Spahr Andrews & Ingersoll, LLP, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: August 1, 2008
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

On February 25, 2008, plaintiff L'Athene, Inc. ("plaintiff") filed this suit against defendants EarthSpring, LLC ("EarthSpring") and Greek Island Labs, LLC ("Greek Island") (collectively, "defendants") alleging trademark infringement, unfair competition under the Lanham Act, and common law infringement. (D.I. 2 at ¶ 18-31) On April 4, 2008, defendants moved for dismissal based on lack of personal jurisdiction and improper venue. (D.I. 9) In the alternative, defendants ask that the case be transferred to the United States District Court for the District of Arizona for the convenience of parties and witnesses and in the interest of justice. (Id.) For the reasons that follow, defendants' motion to dismiss is denied and motion to transfer is granted.

## II. BACKGROUND[1]

Plaintiff "L'Athene is in the business of manufacturing and selling skin care products." (D.I. 2 at ¶ 9) Defendants are also "in the business of manufacturing and selling skin care products" and use the name Athena. (Id. at ¶ 13) The goods manufactured by plaintiff and defendants are "identical or highly related." (Id. at ¶ 21)

Greek Island is an "Internet start-up company with limited assets and minimal operations." (D.I. 10, ex. A at ¶ 2) It is wholly owned by EarthSpring, a holding company that "has no employees or contractors, and does not sell or distribute any products." (Id.)

---

[1]For purposes of this motion only, the facts alleged in the complaint are taken as true. See Christ v. Cormick, Civ. No. 06-275, 2007 WL 2022053, at *1 (D. Del. July 10, 2007).

Plaintiff is a Delaware corporation with its principal place of business in South Carolina. (D.I. 2 at ¶ 2) Defendants are both Arizona limited liability companies which maintain their principal place of business at 25 South Arizona Place, Suite 550, Chandler, Arizona 85225. (Id. at ¶¶ 3-4; D.I. 10, ex. A at ¶ 2) According to defendants, they have no offices, telephone numbers, bank accounts or property in the State of Delaware. (D.I. 10, ex. A at ¶ 3)

Greek Island "markets its products principally over the Internet through websites it maintains." (Id. at ¶ 4) Over 99% of its sales are made via the Internet and less than one percent of the total advertising for Athena products was used for print media. (Id.) Greek Island products are "shipped to customers from Greek Island's offices in Chandler, Arizona." Of the approximately 51,100 units sold in 2007, approximately ninety (or less than 1%) were shipped to customers in Delaware. (Id.)

Defendants state that all of their officers and employees reside in Arizona and none has ever traveled to Delaware to conduct business for defendants. (Id. at ¶ 8) They further claim that requiring one of the small number of employees to be absent "from their employment would be incredibly damaging. . . and could possibly result in the business losing substantial revenues and/or failing." (Id.) Additionally, they state that the appearance of the employees in Delaware "for depositions or other discovery would be expensive, as they are all residents of Arizona. . . [and the] expense would prove a significant hardship to Greek Island." (Id.)

Plaintiff states that it does not know "whether [d]efendants are maintaining or have maintained in the past additional interactive websites not yet disclosed, or what

other marketing efforts for infringing products [d]efendants may have undertaken in Delaware." (D.I. 12 at 2)  They claim that defendants have "geographically indiscriminate Internet marketing efforts" and have been selling the product line in Delaware for the past five years.  (Id.)

### III. STANDARD OF REVIEW

#### A. Personal Jurisdiction

Rule 12(b)(2) directs the court to dismiss a case when the court lacks personal jurisdiction over the defendant.  Fed. R. Civ. P. 12(b)(2).  When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor.  Traynor v. Liu, 495 F. Supp. 2d 444, 448 (D. Del. 2007).  Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between the defendant and the forum to support jurisdiction.  See Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987).  To meet this burden, the plaintiff must produce "sworn affidavits or other competent evidence," since a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings."  Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984).

To establish personal jurisdiction, the plaintiff must produce facts sufficient to satisfy two requirements by a preponderance of the evidence, one statutory and one constitutional.  See Time Share Vacation Club, 735 F.2d at 66; Reach & Assoc. P.C. v. Dencer, 269 F. Supp. 2d 497, 502 (D. Del. 2003).  With respect to the statutory

3

requirement, the court must determine whether there is a statutory basis for jurisdiction under the forum state's long arm statute. See id. The constitutional basis requires the court to determine whether the exercise of jurisdiction comports with the defendant's right to due process. See id.; see also Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Under the Due Process Clause, a defendant is subject to the jurisdiction of the federal judiciary only when the defendant's conduct is such that it should "reasonably anticipate being haled into court there." See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Personal jurisdiction over a nonresident defendant is proper when either specific or general jurisdiction exists. See Dollar Sav. Bank v. First Sec. Bank of Utah, N.A., 746 F.2d 208, 211 (3d Cir. 1984). "Specific personal jurisdiction exists when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.'" BP Chems. Ltd. v. Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). General jurisdiction exists when the defendant's contacts with the forum are "continuous and systematic," whether or not the contacts relate to the litigation. See id. (quoting Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 416 (1984)).

### B. Venue

Rule 12(b)(3) provides that a motion to dismiss may be made on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). The purpose of venue, in most instances, "is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Cottman Transmissions Systems, Inc. v. Martino, 36 F.3d

4

291, 294 (3d Cir. 1994).

> Title 28, § 1391(b) provides that a
>
> "civil action. . . may. . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

28 U.S.C. § 1391(b). For the purposes of venue, a defendant "that is a corporation. . . reside[s] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. 1391(c). When analyzing whether venue is proper under § 1391(b)(2), the "statutory language. . . favors the defendant. . . by requiring that events or omissions supporting a claim be 'substantial.'" Cottman, 36 F.3d at 294. It is not enough that events or omissions have "some tangential connection with the dispute in litigation." Id. The substantiality requirement is "intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." Id. Additionally, § 1391(d) states that an alien may be sued in any district.

### C. Forum Non Conveniens and Transfer of Venue

"The common-law doctrine of forum non conveniens 'has continuing application [in federal courts] only in cases where the alternative forum is abroad.'" Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. ----, 127 S.Ct. 1184, 1190 (2007) (quoting American Dredging, 510 U.S. 443, 449 n. 2 (1994)) (emphasis removed). "Congress has codified the doctrine. . . in §§ 1404(a) and 1406(a), and 'has provided for transfer rather than dismissal,' when a transferee venue is the 'more convenient

place for trial of the action.'"  Lafferty v. St. Riel, 495 F.3d 72, 79 n. 8 (3d Cir. 2007) (quoting Sinochem 127 S.Ct. at 1190-91).

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Because a plaintiff's choice of forum is accorded substantial weight and venue is transferred only if the defendant truly is regional (as opposed to national) in character, a defendant has the burden of establishing that "the balance of convenience of the parties and witnesses strongly favors" the defendant. Bergman v. Brainin, 512 F. Supp. 972, 973 (D. Del. 1981) (citing Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970)). Therefore, defendants "must prove that litigating in Delaware would pose a 'unique or unusual burden' on their operations" for the court to transfer venue. Wesley-Jessen Corp. v. Pilkington Visioncare, Inc., 997 F. Supp. 556, 562 (D. Del. 1993).

In reviewing a motion to transfer venue, courts have not limited their consideration to the three enumerated factors in § 1404(a) (i.e., convenience of parties, convenience of witnesses, or interests of justice). Rather, courts have considered "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) (internal quotations and citation omitted). The Third Circuit has provided a list of factors to assist district courts in determining "whether, on balance, the litigation would more conveniently proceed and the interests of justice be better served by a transfer to a different forum." Id. These factors entail six private and five public interests. Private interests include: (1)

6

the plaintiffs' forum preference as manifested by the plaintiffs' original forum choice; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses -- but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of the books and records.  Id.  Public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases.  Id.

## IV. DISCUSSION

Defendants have moved for dismissal based on lack of personal jurisdiction and improper venue. (D.I. 9)  In the alternative, they have requested that the case be transferred to the United States District Court for the District of Arizona.  (Id.)  Plaintiff claims that this court has personal jurisdiction, proper venue, and is the appropriate forum for resolution of the case.  (D.I. 12)

### A. Personal Jurisdiction

The determination of personal jurisdiction requires a two-part analysis.  It must be determined if Delaware's long arm statute confers jurisdiction and, if it does, whether the assertion of personal jurisdiction complies with due process.  Delaware's long arm statute provides, in relevant part, that personal jurisdiction is proper over any nonresident who, in person or through an agent:

> (1) Transacts any business or performs any character of work or service in the State; (2) Contracts to supply services or things in the State; [or] (3) Causes tortious injury in the State by an act or omission in this State . . . .

10 Del. C. § 3104(c). Subsections (1), (2), and (3) grant specific jurisdiction. Boone v. Oy Partek Ab, 724 A.2d 1150, 1155 (Del. Super. 1997). Specific jurisdiction arises when a defendant has both purposefully directed its activities at residents of the forum State and the action arises from, or is directly related to, the defendant's actions within the forum State. See Burger King, 471 U.S. at 472. The United States Supreme Court has held that it is "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities in the forum state." Hanson v. Denckla, 357 U.S. 235, 253 (1958) (citations omitted).

"Traditionally, when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, the exercise of specific jurisdiction is proper." Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (citing Burger King, 471 U.S. at 475). "Different results should not be reached simply because business is conducted over the Internet." Zippo, 952 F. Supp at 1124. The Third Circuit Court of Appeals uses a "purposeful availment" test for deciding whether a defendant's Internet website meets the Burger King test for specific jurisdiction. See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446 (3d Cir. 2003). The "mere operation of a commercially interactive website" is not by itself a sufficient basis for jurisdiction anywhere the site can be viewed. Id. at 454. There must be "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Id. at 451 (quoting Asahi Metal Indus. Co. v. Superior Ct., 480 U.S. 102, 109 (1987)). When a defendant's

website is specifically designed to commercially interact with the residents of a forum State, specific jurisdiction is proper because that defendant has "purposefully availed" itself of doing business with the forum State. Toys "R" Us, 318 F.3d at 452. Evidence of purposeful availment can be "directly targeting its website to the [S]tate, knowingly interacting with residents of the forum [S]tate via its website, or through sufficient other related contacts." Id. at 454.

In the case at bar, it is undisputed that defendants operated a website accessible in Delaware, received orders and payments from customers in Delaware and shipped their products to Delaware. (D.I. 10, ex. A at ¶ 4; D.I. 12 at 10)  In 2007, approximately ninety units were shipped to customers in Delaware in 2007. (D.I., ex. A at ¶ 4)  While these units represent less than 1% of defendants' sales for that year (id.), the sales are not the "kind of 'fortuitous,' 'random,' and 'attenuated' contacts the Supreme Court has held insufficient to warrant the exercise of jurisdiction." Toys "R" Us, 318 F.3d at 455 (quoting Burger King, 471 U.S. at 475).[2] Defendants purposefully availed themselves of doing business with Delaware, which is shown through their conducting business with Delaware residents and knowingly shipping products to the State. Therefore, specific jurisdiction is proper and defendants' motion to dismiss for lack of personal jurisdiction is denied.

---

[2]In Toys "R" Us, defendant's contacts through Internet sales were found not sufficient. In that case, defendant's website was entirely in Spanish, prices were in pesetas or Euros, and merchandise could only be shipped to Spain. 318 F.3d at 454. While defendants sold two units to customers in New Jersey, it was not clear that they did so knowingly. Id. The purchases were placed by a member of the Toys "R" Us legal department and an employee at the law firm representing Toys "R" Us. While the customers lived in New Jersey, they had the orders shipped to Spain.

**B. Venue**

Plaintiff claims venue is proper under Title 28 §§ 1391(b) and (d). Subsection (d) is not applicable to the case at bar, because it describes where an alien may be subject to suit. Defendants are United States limited liability companies, with their principal places of business in Arizona and, therefore, are not aliens. Subsection 1391(b)(1) states that venue is proper in the "judicial district where any defendant resides, if all defendants reside in the same State." For the purposes of venue, a defendant "that is a corporation. . . reside[s] in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. 1391(c). Since personal jurisdiction is proper over defendants, venue is also proper.[3]

**C. Forum Non Conveniens and Transfer of Venue**

Defendants contend that the case at bar should be transferred to the United States District Court for the District of Arizona, "in the interest of justice and for the convenience of the parties and witnesses." (D.I. 10 at 16) After consideration of the parties' arguments and legal standards discussed above, the court concludes that defendants have overcome the strong presumption against transferring this action and, therefore, will transfer this case to the District of Arizona.

As a threshold matter, the court must first determine if plaintiff could have originally brought this case in the District of Arizona. See Tuff Torq Corp. v. Hydro-

---

[3]Since venue is applicable under § 1391(b)(1), it is not necessary to determine whether "a substantial part of the events or omissions giving rise to the claim occurred" within the forum. § 1391(b)(2). Additionally, § 1391(b)(3) does not grant venue, because it applies only "if there is no district in which the action may otherwise be brought."

Gear Ltd. Partnership, 882 F.Supp. 359, 361 (D. Del. 1994). Since defendants are Arizona limited liability companies, which have their principal places of business in Arizona, this lawsuit could have initially been filed there. The court now turns to an examination of the Jumara factors to determine if a transfer is warranted.

The first private interest outlined by Jumara is the plaintiff's forum preference. Plaintiff's choice of forum is entitled to "paramount consideration." See Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "This choice should not be lightly disturbed, because a corporation's decision to incorporate in a particular [S]tate is a rational and legitimate reason to choose to litigate in that [S]tate." Tristata Technology, Inc. v. Emulgen Laboratories, Inc., 537 F. Supp. 2d 635, 643 (D. Del. 2008). Because this factor deserves paramount consideration, defendants must demonstrate that the other factors strongly favor a transfer to Arizona.

The next factor that the court will analyze is the conveniences of parties. Because plaintiff and defendants are situated on opposite sides of the country, the court's decision regarding a transfer will unavoidably disadvantage one party or the other. The record in this case, however, indicates that the inconvenience defendants would bear if compelled to litigate in Delaware is significantly greater than that plaintiff would bear if the court transfers this case to Arizona. Defendants have no offices or employees in Delaware. (D.I. 10, ex. A at ¶ 3) Defendants have "a total of only nine employees and three officers" who all reside in Arizona. (Id. at ¶ 8) According to defendants, the "absence of these officers and/or employees from their employment would be incredibly damaging to [its] nascent business operations and could possibly result in the business losing substantial revenues and/or failing." (Id.) Also, the

11

"presence in Delaware of any of these individuals for depositions or other discovery would be expensive. . . [which] would prove a significant hardship." (Id.)  While there is no record of plaintiff having any employees or offices in Arizona and a transfer there will likely inconvenience plaintiff, the relative inconvenience for plaintiff seems to be much less than it would be for defendants.  Plaintiff's principal place of business is in South Carolina and presumably documents, witnesses, and parties would have to be transported from there to Delaware.  The additional inconvenience of going from South Carolina to Arizona, instead of South Carolina to Delaware, would appear to be minimal.  In sum, defendants present themselves as small, regional businesses; weighing the convenience of the parties under the circumstances of record, the court agrees that maintaining the litigation in Delaware presents significant hardships to defendants.

The additional Jumara factors do not weigh heavily in either direction.  The remaining private interests include where the claim arose, convenience of witnesses to the extent that they may not be available, and location of books and records.  There is no evidence that witnesses would be unavailable and, regardless of the transfer decision, one or both of the parties would have to ship books and records to the litigation site.  The public interests outlined in Jumara are enforceability, practical considerations, relative administrative difficulty in the two fora resulting from congestion, local interest in deciding local controversies at home, and the familiarity of the trial judge with the applicable state law in diversity cases.  Neither plaintiff nor defendants contend that the public interest factors weigh in their favor.  Without any evidence to the contrary, this court will assume that public considerations do not heavily favor either

party.

## V. Conclusion

For the foregoing reasons, defendants' motion for dismissal is denied; their motion to transfer is granted. An appropriate order shall issue.